# SZAFERMAN LAKIND

**Szaferman, Lakind, Blumstein & Blader, P.C.**
Attorneys at Law

101 Grovers Mill Road Suite 200,
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Ryan A. Marrone

Of Counsel
Paul T. Koenig, Jr.
Bruce M. Sattin***
Robert A. Gladstone
Janine Danks Fox*
Richard A. Catalina, Jr.*†
(45,372)

Robert P. Panzer
Robert G. Stevens, Jr.**
Michael D. Brottman**
Benjamin T. Branche*
Lindsey Moskowitz Medvin**
Mark A. Fisher
Tracey C. Hinson**
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Ruff

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
†U.S. Patent & Trademark Office

April 19, 2012

Our File: 71243.1

**VIA ECF AND FEDERAL EXPRESS**
The Honorable Peter G. Sheridan, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

Re: Sivolella v. AXA Equitable Life Insurance Company, et al.
Civil Action No.: 11-cv-4194

Dear Judge Sheridan:

We represent the Plaintiff in this matter and I write in response to the Defendants AXA Equitable Life Insurance Company's and AXA Equitable Funds Management Group, LLC's, April 17, 2012 letter regarding the Third Circuit Court of Appeals decision in Santomenno v. John Hancock Life Ins. Co., --- F.3d ---, No. 11-2520, 2012 WL 1255096 (3d Cir. April 16, 2012).

In Santomenno, the Third Circuit Court of Appeals reversed the District Court's dismissal of plaintiffs' Employee Retirement Income Security Act of 1974 claims, but affirmed the dismissal of two of plaintiffs' claims that arose under Investment Company Act of 1940 ("ICA"). The first of those two claims arose under ICA § 36(b), while the second claim arose under ICA § 47(b). With regard to the latter claim, plaintiffs contended, as in this matter, that a private right of action existed under ICA § 47(b) for a violation of ICA § 26(f).

Counsel for the Plaintiff in this matter also represent the plaintiffs in Santomenno. Counsel will request, pursuant to Fed. R. App. P. 35 and 40, both a panel and en banc rehearing of the Court of Appeal's decision that a private right of action does not exist under ICA § 47(b). In the instant case, Count III of Plaintiff's Amended Complaint only seeks relief under ICA § 47(b) to enforce violations of ICA § 26(f). In the event the Third Circuit Court of Appeals decision is upheld, Plaintiff will voluntarily dismiss Count III of her Amended Complaint. Therefore, Plaintiff respectfully requests that this Court refrain from making a decision on Count III of her Amended Complaint until Plaintiff has had the opportunity to seek a review of this

641825.1



*The Honorable Peter G. Sheridan, U.S.D.J.*
*April 19, 2012*

Page 2

ruling.

     In Santomenno, the Third Circuit Court of Appeals also dismissed plaintiffs' claims under ICA § 36(b). Plaintiff Sivolella, in the instant matter, also brings ICA § 36(b) claims, contained in Counts I and II of her Amended Complaint. In Santomenno, the three named plaintiffs in that case, as in the instant matter, invested in mutual funds that were sponsored by an insurance company, through the insurance company's separate account. Two of the named plaintiffs, "the Poleys," sold their shares in John Hancock mutual funds prior to the filing of the original complaint, while plaintiff Santomenno sold her shares in the John Hancock mutual funds after the filing of plaintiffs' Complaint but before she filed her Second Amended Complaint. As a consequence of these sales, the Third Circuit Court of Appeals held that the plaintiffs divested themselves of standing to continue to prosecute their ICA § 36(b) claims because that statute imposes a "continuous ownership requirement throughout the pendency of the litigation...." Id. at 3.[1] However, in describing the plaintiffs' interest in the John Hancock funds, the Third Circuit Court of Appeals stated:

> The trustees of these plans entered into group annuity contracts with John Hancock. ... Santomenno was a security holder in the relevant funds from July 2008 through sometime in June 2010, K.Poley from July 2004 to sometime in January 2010 and B. Poley from January 2009 to sometime in January 2010.[2]
>
>     \*    \*    \*    \*
>
> As observed above, a plain reading of Section 36(b) indicates that ownership when the suit is first filed is an indisputable prerequisite. The Poleys' interests in the John Hancock funds were terminated prior to the filing of the original complaint. Therefore, they cannot be classified as "security holder[s]" under Section 36(b). Santomenno, meanwhile, still owned John Hancock funds when the case was first initiated, but no longer had any interest in the funds when the Second Amendment Complaint was filed on October 22, 2010. It is the Second Amended Complaint that is the operative pleading for standing purposes. ... Even if we were to hold that continuous ownership is not required by the statute, Participants' Section 36(b) claim would fail because their interests in the John

---

[1] Plaintiff's citations are to the version of this case that is now available on Westlaw. For the Court's convenience, a copy of the Westlaw opinion is enclosed..

[2] AXA, like John Hancock, sold its mutual funds through a group annuity contract. See AXA's Motion to Dismiss Plaintiff's Amended Complaint Docket No. 19-1 p. 2.



The Honorable Peter G. Sheridan, U.S.D.J.
April 19, 2012

Page 3

Hancock funds were terminated prior to the filing of the Second Amended Complaint.

Id. at 1 and 5. While these statements are *dicta*, they suggest that the Third Circuit Court of Appeals considered Plaintiff Santomenno, whose interest in the underlying John Hancock funds was analogous to Plaintiff Sivolella's interest in the AXA funds, a "security holder" of these funds.  See also In re The Pittsburgh and Lake Erie Railroad Co. Securities and Anti-Trust Litig. 543 F.2d 1058, 1067 (3d Cir. 1976).

Plaintiff Sivolella is still invested in the AXA Funds.

Plaintiff Sivolella's remaining claim is a claim for unjust enrichment, and it is contained in Count IV of her Amended Complaint.  The holding in Santomenno has no impact on that claim.

Thank you.

Respectfully submitted,

SZAFERMAN, LAKIND,
 BLUMSTEIN & BLADER, P.C.

Robert Lakind

RLL/csm
Enclosure

c:   Sean M. Murphy (via email and regular mail)
     Jonathan Korn (via email and regular email)

641825.1