UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, for the use and benefit of the EQ/Common Stock Index Portfolio, the EQ/Equity Growth PLUS Portfolio, the EQ/Equity 500 Index Portfolio, the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value, and the EQ/Intermediate Government Bond Index Portfolio et al.<br><br>      Plaintiffs,<br>vs.<br><br>AXA Equitable Life Insurance Company and AXA Equitable Funds Management Group, LLC,<br><br>      Defendants. | **Civil Action No. 3:11-cv-04194-PGS-DEA** |

## [PROPOSED] JOINT DISCOVERY PLAN

1.     For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number.

    Counsel for Plaintiffs:

    Arnold C. Lakind
    Robert L. Lakind
    Szaferman, Lakind, Blumstein & Blader, P.C.
    101 Grovers Mill Road, Suite 200
    Lawrenceville, New Jersey 08648
    Phone: (609) 275-0400
    Fax: (609) 275-4511
    Email: ALakind@Szaferman.com
           RLakind@Szaferman.com

    Moshe Maimon
    Danielle Disporto
    Levy, Phillips & Konigsberg, LLP
    800 Third Avenue, 11th Floor

New York, New York 10022
Phone: (212) 605-6200
Fax: (212) 605-6290
Email: MMaimon@lpklaw.com
DDisporto@lpklaw.com

Counsel for Defendants:

James N. Benedict
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Phone: (212) 530-5000
Fax: (212) 530-5219
jbenedict@milbank.com
smurphy@milbank.com

Jonathan M. Korn
Blank Rome, LLP
301 Carnegie Center
3rd Floor
Princeton, NJ 08540
Phone: (609) 750-7700
Fax: (609) 750-7701
Korn@BlankRome.com

2. (a) Set forth a brief description of the case, including the facts, causes of action and affirmative defenses asserted.

This derivative action is filed by Mary Ann Sivolella on behalf of the following mutual funds: the EQ/Common Stock Index Portfolio, the EQ/Equity Growth PLUS Portfolio, the EQ/Equity 500 Index Portfolio, the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value, and the EQ/Intermediate Government Bond Index Portfolio. These funds are collectively hereinafter referred to as the "AXA Funds." AXA Equitable Life Insurance Company and AXA Equitable Funds Management Group, LLC, are the Defendants in this case and are hereinafter collectively referred to as "AXA." AXA serves as the investment adviser to each of the AXA Funds, each of which is also advised by a sub-adviser or in some cases sub-adviser(s). Plaintiff alleges that AXA has entered into contracts with the sub-advisers pursuant to which the

sub-advisers, with minor exceptions, perform all of the investment management services for the AXA Funds. AXA, for its alleged investment management services, charges the AXA Funds an investment management fee, which is deducted from the fund's balance. Plaintiff alleges that AXA remits a portion of the investment management fee that it collects from each AXA Fund to each funds' respective sub-adviser(s). Section 36(b) of the Investment Company Act ("ICA") imposes a fiduciary obligation on AXA with respect to its investment management fee. In light of the sub-advisers' services, Plaintiff alleges that substantially all of the investment management fees AXA charged the AXA Funds, and retained, was in violation of section 36(b) of the ICA.

3. Have settlement discussions taken place?  Yes____ No __X__

   If so, when?

   (a) What was plaintiff's last demand?

       (1) Monetary demand:

       (2) Non-monetary demand:

   (b) What was defendant's last offer?

       (1) Monetary offer:

       (2) Non-monetary offer:

4. The parties [have __X__ have not____] met pursuant to Fed. R. Civ. P. 26(f).

5. The parties [have____ have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason.

   **The parties will make that exchange on or before December 14, 2012.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).

   **None.**

7. The parties [have____ have not __X__] conducted discovery other than the above disclosures. If yes, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    Plaintiff would need discovery on, including, but not limited to, the following: (1) the nature and quality of the services provided by AXA to the AXA Funds; (2) the profitability of the AXA Funds to AXA; (3) comparative fee structures; (4) the independence, expertise, care, conscientiousness and investigation of the Board of Directors to the AXA Funds/EQ Advisors Trust in evaluating and approving AXA's investment management fees (including, but not limited to, their evaluation/knowledge of the sub-advisers' fees); (5) the extent to which AXA realized economies of scale, and passed those economies of scale to investors/the AXA Funds; (6) fees charged to the AXA Funds/EQ Advisors Trust; (7) services provided to the AXA Funds/EQ Advisors Trust (8) any deliberations, investigations, and/or due diligence related to fees charged to, and services provided to, the AXA Funds/EQ Advisors Trust; and (9) consideration of alternative service arrangements/providers.

    Further, Plaintiff will also need discovery from the sub-advisers on, including, but not limited to, the following: (1) the sub-advisers' services and fees/expenses; (2) the profitability of the sub-advisers' (3) negotiations between AXA and the sub-advisers; and (4) the sub-advisers' interactions and communications with the Board of Directors of the AXA Funds/EQ Advisors Trust and AXA.

    Defendants would need discovery from any and all Plaintiffs regarding the circumstances and details of their investments in the AXA Funds.

    (b) Discovery [should____ should not __X__] be conducted in phases or be limited to particular issues. If phased discovery is proposed, set forth the reason.

    (c) Proposed schedule:

        (1) Fed. R. Civ. P. 26 Disclosures: **Will be made no later than December 14, 2012.**

        (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **November 16, 2012.**

        (3) Service of initial written discovery: **December 24, 2012.** Subsequent written discovery requests may be served at any time prior to sixty (60) days in advance of the close of discovery.

        (4) Maximum of __25__ interrogatories by each party to each other party.

        Defendants will not object to single interrogatories that seek information

on each of the eight AXA funds at issue on the ground that the interrogatory is a multi-part interrogatory under Federal Rule of Civil Procedure 33(a)(1).

(5) Maximum of __15__ depositions to be taken by each party.

Plaintiff needs 15 depositions in this case for, among other reasons: (1) there are two Defendants – each a separate entity; (2) the Board of Directors of the EQ Advisors Trust[1] (*i.e.*, the board who approved the Defendants' fees on behalf of the AXA Funds) is composed of 10 individuals; (4) the case is brought on behalf of 8 independent mutual funds, each of which has its own sub-adviser or in some cases two sub-advisers; and (5) in addition to the companies that serve as sub-advisers to the 8 AXA Funds, AXA claims to be the "Manager" to each fund. Plaintiff reserves the right to seek permission from the Court to take additional depositions if the need arises.

Defendants need sufficient depositions to depose all Plaintiffs in the case, including any Plaintiffs added by amendment at any time.

(6) Motions to amend or to add parties to be filed by **March 1, 2013.**

(7) Factual discovery to be completed by **March 5, 2014.**

(8) Plaintiff's expert report due on **May 5, 2014.**

(9) Defendant's expert report due on **July 5, 2014.**

(10) Expert depositions to be completed by **September 5, 2014.**

(11) Dispositive motions to be served within **60** days of completion of discovery.

(d) Set forth any special discovery mechanisms or procedures requested.

**Defendants intend to designate a large number of documents as confidential and possibly some documents as attorneys' eyes only, which Plaintiff seeks to use in their filings, potentially creating problems with the ECF system. Plaintiff proposes to electronically file redacted copies of any document designated confidential and/or attorneys' eyes only, and provide non-redacted courtesy copies to the Court. At the time of filing, Defendants would have sixty (60) days to file a motion to seal, or else the documents will**

---

[1] The AXA Funds are contained in the EQ Advisors Trust.

                **become publically available.**

    (e)    A pretrial conference may take place on _____

    (f)    Trial date: _____ (\_\_ Jury Trial; \_\_\_ Non-Jury Trial).  At this time the parties disagree as to whether Plaintiff is entitled to a jury trial. However, they will seek to resolve this issue among themselves well in advance of the trial. If the issue cannot be resolved among the parties, then the Defendants reserve the right to file a motion striking the Plaintiff's jury demand in advance of the trial.

9.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; foreign evidence collection; problems with out-of-state witnesses or documents, etc.)? Yes **X** No _____.

If yes, explain.

**The parties reserve the right to video record any deposition. Furthermore, Plaintiff will seek discovery of the sub-advisers, regarding their services to the AXA Funds. Some of the sub-advisers, and their employees, are located outside of the jurisdiction of this Court.**

10.    Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes \_\_\_ No **X** .

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

**Electronic discovery will be produced in a searchable format. The remaining conditions/requirements regarding the production of electronic discovery will be addressed by the parties at their electronic discovery conference.**

11.    Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ. R. 5.3(b) and Appendix S?

Yes. However, given that the Defendants intend to designate large amounts of the documents confidential, and possibly some documents as attorneys' eyes only, the parties intend to rely on the provision set forth in section 8(d).

12.    Do you anticipate any discovery problems not listed above?

Yes \_\_\_\_ No **X** \_\_\_

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not presently appropriate, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

This case is appropriate for mediation, but not for arbitration.

14. Is this trial appropriate for bifurcation? Yes_____ No__**X**__

15. An interim status/settlement conference (with clients in attendance) should be held in **June of 2013.**

16. We [do_____ do not__**X**__] consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted this 12th day of November, 2012.

/s/ Robert L. Lakind
Robert L. Lakind
Arnold C. Lakind
Szaferman, Lakind, Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648

Moshe Maimon
Danielle Disporto
Levy, Phillips & Konigsberg, LLP
800 Third Avenue, 11th Floor
New York, New York 10022
Counsel for Plaintiffs

/s/ James N. Benedict
James N. Benedict
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Jonathan M. Korn
Blank Rome, LLP

613868.1                               7

301 Carnegie Center
3rd Floor
Princeton, NJ 08540

Counsel for Defendants