UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
JAN 18 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

MARY ANN SIVOLELLA, et al., )
)
    Plaintiff, )
)
vs. )
) Civil No. 3:11-cv-04194 PGS-DEA
AXA EQUITABLE LIFE INSURANCE )
COMPANY AND AXA EQUITABLE ) and
FUNDS MANAGEMENT GROUP, ) CA No. 13-0312 (PGS)
LLC, )
)
    Defendants. )
)
)

## JOINT STIPULATION AND ~~PROPOSED~~ ORDER REGARDING CONSOLIDATION

**WHEREAS** on November 4, 2011, Plaintiff Mary Ann Sivolella filed an Amended Complaint ("Sivolella Case") in a derivative action on behalf of the following designated portfolios:

    EQ/Common Stock Index Portfolio

    EQ/Equity Growth PLUS Portfolio

    EQ/Equity 500 Index Portfolio

    EQ/Large Cap Value PLUS Portfolio

    EQ/Global Multi-Sector Equity Portfolio

    EQ/Mid Cap Value PLUS Portfolio

    EQ/GAMCO Small Company Value Portfolio

    EQ/Intermediate Government Bond Portfolio

(Each a "Portfolio");

**WHEREAS**, AXA Equitable Funds Management Group, LLC ("FMG"), is named as a Defendant in the Sivolella Case;

**WHEREAS**, FMG serves as the investment manager to the above Portfolios; each Portfolio is offered by the EQ Advisors Trust; and each Portfolio is advised by a sub-adviser or sub-adviser(s);

**WHEREAS**, in the Sivolella Case, Plaintiff alleges that FMG's investment advisory fees charged to the Portfolios violate Section 36(b) of the Investment Company Act of 1940 ("ICA § 36(b)") and resulted in an unjust enrichment to FMG;

**WHEREAS**, on September 25, 2012, this Court granted FMG's Motion to Dismiss Plaintiff Sivolella's unjust enrichment claim, but denied FMG's Motion to Dismiss Plaintiff's ICA § 36(b) claim;

**WHEREAS**, on November 13, 2012, counsel for the Parties appeared before this Court for a conference which resulted in the entry of a Scheduling Order (Docket No. 33) in the Sivolella Case;

**WHEREAS**, at that time, Plaintiff's counsel apprised the Court that counsel would be filing an additional case against FMG, brought by other investors in Portfolios for which FMG serves as the investment manager;

**WHEREAS**, that additional case is captioned as *Sanford et al. v. AXA Equitable Funds Management Group, LLC* (that case is hereinafter referred to as the "Sanford Case");

**WHEREAS,** the Sanford Case, like the Sivolella Case, (i) alleges that FMG violated ICA § 36(b) with respect to the investment advisory fees it charged several Portfolios for which it is the investment manager; (ii) is only brought on behalf of Portfolios that are in the EQ Advisors Trust (the Sanford Case is brought on behalf of four Portfolios that are part of the Sivolella Case as well as four Portfolios that are not part of the Sivolella Case); (iii) is only brought on behalf of Portfolios that are sub-advised; and (iv) the allegations in that complaint are materially identical to the allegations in the Sivolella Amended Complaint;

**WHEREAS,** Counsel for the Parties in the Sivolella Case agree that under L. Civ. R. 40.1(c), the Sanford Case and Sivolella Case are related cases and should be assigned to the same Judge;

**WHEREAS,** Counsel for the Parties in the Sivolella Case have agreed that the Sanford Case be filed on January 15, 2013 and FMG shall file its Answer to that Complaint on February 15, 2013;

**WHEREAS,** when the Parties were before this Court on November 13, 2012, Plaintiff's counsel informed the Court of their intention to file the Sanford Case and the Court instructed all counsel to adhere, to the extent possible, to the Scheduling Order which this Court entered on November 16, 2012 in the Sivolella Case; and

**WHEREAS,** upon FMG's filing of its February 15, 2013 Answer to the Sanford Complaint, the parties will abide by all terms of this Court's Scheduling Order in the Sivolella Case, and with respect to any deadlines in that Order that have passed, as of February 15, 2013, those deadlines will be extended to March 5, 2013.

The parties respectfully request that the Court enter this joint stipulation as an Order.

IT IS, on this 16th January day of 2013, Ordered that:

1. Pursuant to L. Civ. R. 40.1(c), the Clerk of the Court shall assign the Complaint in the Sanford Case, which was filed on January 15, 2013, to District Judge Peter G. Sheridan and Magistrate Judge Douglas E. Arpert.

2. The Sanford Case and the Sivolella Case are consolidated for all purposes. However, such consolidation shall have no impact on the appropriate damages period for any of the Funds.

3. The parties shall, with regard to the Sanford Case and the Sivolella Case, comply with this Court's Scheduling Order entered on November 16, 2012, except to the extent any dates set in that Order have passed, in which event those dates shall be extended to March 5, 2013.

SO ORDERED.

Date: January 16, 2013

~~The Honorable Peter G. Sheridan~~
Douglas E. Arpert, USMJ

The undersigned hereby consent to the form and entry of this Joint Stipulation:

| | |
|---|---|
| SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C. | BLANK ROME LLP |
| By: /s/ Robert L. Lakind<br>    Robert L. Lakind<br>    Arnold C. Lakind<br>    101 Grovers Mill Rd., Suite 200<br>    Lawrenceville, New Jersey 08648<br>    (609) 275-0400 | By: /s/ Jonathan M. Korn<br>    Jonathan M. Korn<br>    301 Carnegie Center, 3rd Floor<br>    Princeton, NJ 08540<br>    (609) 750-7700 |
| LEVY, PHILLIPS & KONIGSBERG<br>    Moshe Maimon<br>    Danielle Disporto<br>    800 Third Avenue<br>    New York, NY 10022<br>    (212) 605-6312 | MILBANK, TWEED, HADLEY & McCLOY LLP<br>    James N. Benedict (*pro hac vice*)<br>    Sean M. Murphy (*pro hac vice*)<br>    1 Chase Manhattan Plaza<br>    New York, NY 10005-1413<br>    (212) 530-5000 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |