RECEIVED
FEB -5 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> AXA EQUITABLE LIFE INSURANCE COMPANY and AXA EQUITABLE FUNDS MANAGEMENT GROUP, LLC, <br><br> Defendants. | Civil No. 11-4194 |

STIPULATION AND [~~PROPOSED~~] CONFIDENTIALITY ORDER

THE UNDERSIGNED HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the following Stipulation and [Proposed] Confidentiality Order (the "Confidentiality Order") be entered in this action pursuant to Fed. R. Civ. P. 26(c)[1]:

**PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

1. This Confidentiality Order shall govern the handling, disclosure, and use of all Information which is furnished orally, in writing, by visual inspection or otherwise, by, through, or on behalf of any Party or any third party (the "Disclosing Party") to any other Party ("the Receiving Party") in connection with discovery to be conducted in the above-entitled action (the "Litigation"). "Information" includes, but is not limited to, documents and things produced by any Disclosing Party to another Party; responses to requests to produce documents or things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; motions, memoranda of law, and affidavits or declarations; and all copies, excerpts, summaries, compilations, designations, and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived therefrom or related thereto; and any instrument that comprises, embodies, or summarizes matters that any Disclosing Party considers to constitute confidential information.

---

[1] The Parties agree to also be bound by the terms of this Confidentiality Order with respect to the matter of Sanford et al. v. AXA Equitable Funds Management Group, LLC. Dkt No. 3:13-cv-00312.

## DEFINITIONS

As used in this Confidentiality Order, the following terms shall have the meanings set forth below:

2. "Confidential" or "Confidential Information" means all Information: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3., *e.g.*, Information, depending on its contents, that is only internally available. Any party may designate as Confidential any Information that meets the above definition and was authored by said party or its related companies and personnel but produced by a non-party or included in a transcript of oral testimony by a non-party, and the provisions of this Confidentiality Order shall apply to any such designation as if the party making such designation was the Disclosing Party.

3. The term "Party" shall mean the named plaintiffs and defendants in this lawsuit.

## DESIGNATION OF CONFIDENTIAL INFORMATION

4. All Confidential Information shall have stamped or affixed thereon the word "CONFIDENTIAL." The Disclosing Party shall use due care in deciding whether to label Information as Confidential. Subject to paragraph 19 hereof, the designation of Confidential Information shall be made at the following times:

(a) For documents and things, prior to the time such documents and things, or copies thereof, are physically delivered to the Receiving Party. In the event that the Disclosing Party elects to permit inspection of requested documents and things pursuant to Federal Rule of Civil Procedure 34(b), rather than delivering originals or copies of the materials to the requesting Party, no designation of Confidential Information need be made prior to the inspection, and for purposes of the inspection, all documents and things subject thereto shall be treated as Confidential Information. Documents offered by the Disclosing Party for such inspection by the Receiving Party shall be inspected only by persons allowed access to Confidential Information under paragraph 13 below. At any such inspection of documents and things, the Receiving Party

shall not make any copies thereof, but shall identify the Information that the Receiving Party wishes to have copied and delivered to it. Following the inspection, the Disclosing Party shall promptly number, copy, and deliver to the Receiving Party the identified documents and things, and shall, prior to delivery thereof, label any such Information that it designates as Confidential in accordance with this paragraph 4.

   (b) For written responses to interrogatories or requests for admissions, at the time of service of the written response;

   (c) For deposition testimony, at the time of the testimony or in writing within thirty (30) days after receipt by the Disclosing Party of the certified transcript of the deposition, in accordance with paragraph 17 below; and

   (d) For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within thirty (30) days of the first disclosure thereof.

 5. With respect to Information that is comprised of multiple pages, disks, or parts, each individual page, disk, and/or part shall be labeled Confidential in accordance with paragraph 4, above.

<u>USE OF CONFIDENTIAL INFORMATION</u>

 6. The Receiving Party shall maintain Confidential Information in strict confidence, shall not disclose the same to another, except as permitted in paragraph 13 below, and shall not use any Disclosing Party's Confidential Information for any purpose whatsoever, other than this Litigation.

 7. If, prior to any trial in the Litigation, counsel for any Receiving Party desires to file any papers with the Court that include, refer to, or rely upon any Information that any Disclosing Party has designated as Confidential, counsel for the Party intending to use such Confidential Information shall electronically file a redacted copy of any such papers, and shall provide non-redacted courtesy copies to the Court and to the Disclosing Party. From the time of service to the Disclosing Party of the document containing Confidential Information, the Disclosing Party shall have sixty (60) days to file a motion to seal, or else the document containing Confidential Information shall become publicly available.

8. Subject to the Federal Rules of Evidence, a Receiving Party may offer Confidential Information into evidence at any court hearing in open court, prior to any trial in the Litigation, provided that the proponent of the evidence provides reasonable advance notice to counsel for the Disclosing Party. No such prior notice shall be required, however, if the documents, motion(s), and other papers submitted to the Court in connection with the hearing contain Confidential Information that has been subject to a motion to seal. Notwithstanding a Disclosing Party's designation of Information as Confidential, if during any court hearing, Confidential Information is described, referred to, or relied upon, the hearing shall continue; provided, however, that the Disclosing Party who designated the Information as Confidential may request that the Court, in its discretion, conduct the hearing in a manner or in a location to ensure that the Confidential Information is not disclosed to persons not authorized under this Order to have access to the Confidential Information, and further, may move that the portions of the transcript of any such hearing at which Confidential Information is disclosed be marked Confidential and protected from public disclosure.

9. Confidential Information shall remain Confidential until a ruling by the Court.

10. Provisions for the use and communication of Confidential Information during any trial of this Litigation shall be pursuant to such further orders as the Court may deem appropriate at that time to preserve confidentiality.

### RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

11. If any party objects to the designation of Information as "Confidential," the party shall state the objection in writing to counsel for the party making the designation. The Disclosing Party shall respond in writing to such objection within fourteen (14) days, and all parties shall make good faith efforts to resolve the dispute without intervention of the Court. If the parties are unable to resolve the objection, any party may move the Court to do so. The Confidential Information so designated "Confidential" shall remain subject to the Confidentiality Order pending resolution of the objection. The burden of establishing that the Information has been properly designated as Confidential Information is on the Disclosing Party making such designation. The challenged designation shall remain in effect until changed by order of the Court or agreement of the Disclosing Party. The Confidential Information shall be treated in

accordance with the terms of the Confidentiality Order pending the Court's ruling on the motion. This Confidentiality Order does not alter the burden imposed by law on any Disclosing Party objecting to, or otherwise seeking to limit the production or dissemination of documents and things. This Confidentiality Order also does not alter any procedures for resolving discovery disputes established by this Court, the Federal Rules of Civil Procedure, or the Local Rules.

12. Any Party shall have the right to assert that any Information designated as Confidential by a Disclosing Party is, in fact, in the public domain. Any Information that prior to disclosure hereunder was already in the possession or within the knowledge of any person or entity other than the Disclosing Party, who absent this Confidentiality Order, would be under no restriction with respect to such Information, or that is public knowledge, or that becomes public knowledge other than through an act or omission of a Receiving Party, shall be deemed to be in the public domain. Any Receiving Party asserting that Confidential Information is in the public domain shall, prior to any disclosure thereof (other than the disclosures permitted in paragraph 13 of this Confidentiality Order), notify the Disclosing Party in writing of the Receiving Party's intention to disclose such information, and shall make no such disclosure until the earlier of (i) receipt of the Disclosing Party's written agreement that the Information is in the public domain, or (ii) the tenth (10th) business day following the delivery to the Disclosing Party of said notice. If during that ten (10) business day period the Disclosing Party files a motion regarding the confidentiality of the Information at issue, the Receiving Party shall not disclose it (other than the disclosures permitted in paragraph 13 of this Confidentiality Order) until the Court rules on that motion.

## ACCESS TO CONFIDENTIAL INFORMATION

13. Notwithstanding paragraph 6, Confidential Information may be disclosed to:

(a) The Receiving Party and any nominal party to this litigation affiliated therewith, including the Receiving Party's and said nominal party's officers, directors, trustees or employees;

(b) All counsel for the Receiving Party and said nominal party and attorneys employed by such counsel, and persons employed by such counsel including such counsels' secretarial, clerical and paralegal staffs, and litigation support providers (for example, outside

copy services, graphic artists and visual aid providers, and jury consultants) whose duties and responsibilities require access to Confidential Information;

   (c) Experts and consultants who are not present employees of any Party, or of any parent, subsidiary, affiliate or related company of any Party, and the secretarial and clerical staffs of such experts and consultants (and employees thereof), who are requested by the Receiving Party's counsel to furnish technical, consulting and/or expert services in connection with the Litigation;

   (d) Witnesses at depositions or trial and their counsel;

   (e) Any person a Party in good faith believes may be a potential deposition or trial witness;

   (f) Court officials involved in this Litigation (including, but not limited to court reporters and officers before whom depositions are taken, including stenographic and videographic reporters and any persons operating audio or video reporting equipment at depositions) and any necessary secretarial, clerical or other lay personnel of such court officials or officers;

   (g) Any other person agreed to by the Parties in writing or allowed by the Court; and

   (h) Any person specifically identified in an item containing or comprising Confidential Information as an author or recipient of such item (or a copy thereof) or who was copied on the item or to whom a copy was previously provided by the Disclosing party, provided that before any Receiving Party discloses another Party's Confidential Information to any individual described in Paragraphs 13c, 13e, or 13g, counsel for the Receiving Party shall: (i) provide such person with a copy of this Confidentiality Order; (ii) explain to such person its terms, and (iii) obtain the person's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms, with the executed copy of Exhibit A.

   14. Each Party shall maintain every other Party and third party's Confidential Information in a manner and under circumstances to ensure that access is limited to those persons entitled to have access to such Confidential Information under this Confidentiality Order.

15. In the event that Confidential Information is disclosed to any person other than the persons to whom disclosure is authorized by this Confidentiality Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the undersigned counsel of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such Confidential Information.

16. The Parties agree that the erroneous or inadvertent production of any material entitled to protection under any privilege, including the attorney-client privilege or attorney work-product doctrine, shall not by itself constitute a waiver of such protection as to either the subject matter of the material, or as to the related Documents or Communications. If, however, a Disclosing Party becomes aware that it inadvertently produced material that is subject to the protection of any privilege, the Disclosing Party must notify the Receiving Party of such inadvertent production and request such material be promptly returned and not used in any aspect of the litigation no later than the earlier of (a) fifteen (15) business days after becoming aware of such inadvertent production; or (b) fifteen (15) business days after the Document is first marked as a deposition exhibit, identified as a potential trial exhibit or otherwise identified by any party in any pleadings or correspondence served upon the Disclosing Party in this action. Such a request shall be made in writing and shall identify the basis for the claimed protection. If the Receiving Party agrees with the Disclosing Party that the document(s) are entitled to the claimed protection, the Receiving Party shall return the inadvertently produced material to the Disclosing Party within five (5) business days of such notice being given consistent with this paragraph 16. However, if the Receiving Party disagrees with the Disclosing Party's assertion under this paragraph 16 that a document is entitled to protection, the Receiving Party, until the dispute is resolved by the Court, (i) may retain and sequester one copy of such document(s) for the sole purposes of presenting such materials to the Court under seal for a determination of the claimed protection(s), and (ii) shall only use such document(s) in support of its argument that such documents are not entitled to the Disclosing Party's claimed protection.

## DEPOSITIONS

17. Depositions or portions thereof, including exhibits, shall constitute Confidential Information if, and only if (a) during the course of the deposition counsel for any Disclosing

Party on the record so designates the same, or (b) within thirty (30) days of the date of receipt of the certified transcript, counsel for any Disclosing Party notifies counsel for the other Parties in writing of the portion(s) of the deposition testimony, by page(s) and line(s) of the transcript, that constitutes Confidential Information. Until the expiration of such thirty (30) day period, all Information disclosed during the course of any deposition shall be treated by each Receiving Party as Confidential Information. Any deposition testimony relating to Confidential Information will be entitled to treatment as Confidential and subject to protection as outlined in this Confidentiality Order provided that the Disclosing Party makes the designation as outlined in this paragraph at 17(a) and (b) above. Attendance at depositions at which Confidential Information is identified, discussed or disclosed shall be limited to those persons who are authorized to receive such Confidential Information under the terms of this Confidentiality Order.

### PARTY'S OWN INFORMATION

18. A Disclosing Party is free to do whatever it desires with its own Confidential Information. If a party files its own Confidential Information without redacting such Confidential Information and/or filing a motion to seal, that party will be deemed to have waived the confidentiality of that material.

### RENDERING ADVICE TO CLIENTS

19. Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the Litigation and, in the course thereof, referring to or relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not disclose Confidential Information if that disclosure would be contrary to this Confidentiality Order.

### NO WAIVER

20. It is preferred that Confidential Information be designated as such prior to, or contemporaneously with, the production or disclosure of the Information to a Receiving Party. However, a Disclosing Party that has produced or disclosed Information without designating it Confidential Information does not waive the right to assert the confidentiality of the disclosed

Information in question and may later designate such Information as Confidential by giving written notice to counsel for the Receiving Party. Disclosure of Confidential Information prior to its designation as Confidential in accordance with the Confidentiality Order shall not violate the terms of this Confidentiality Order, provided however, that a person disclosing Confidential Information shall use reasonable efforts to retrieve such Confidential Information from the recipient and prevent further disclosures except as authorized by this Confidentiality Order after receiving the written notice provided for in this paragraph 20.

21. Other than as specified herein, the taking of, or the failure to take, any action to enforce any provision of this Confidentiality Order, or the failure to object to any designation of Information as Confidential, shall not constitute a waiver of any rights to later seek and obtain protection or relief in this Litigation or any other litigation, including, but not limited to, the right to claim that any Information is or is not proprietary to any Disclosing Party, is or is not entitled to particular protection. The designation or lack of designation of Information as Confidential shall not constitute an admission that such Information is or is not Confidential or proprietary and such designation or lack thereof shall not be used in any way as evidence in this action. The procedures set forth herein shall not affect the rights of any Disclosing Party to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Disclosing Party of the necessity of providing complete and proper responses to discovery requests.

SUBPOENA OF CONFIDENTIAL INFORMATION PRODUCED IN LITIGATION

22. In the event that any Receiving Party is served with a subpoena or other request to produce Confidential Information of any Disclosing Party, which is sought by any person or entity not a Party to this Litigation, whether in another action or in connection with any legal process, said Receiving Party shall, if permitted by law, within five (5) business days of receiving such request, notify the Disclosing Party in writing, which notice shall include the date set for the production or disclosure of the Subpoenaed Information and a copy of the subpoena or request. If the Disclosing Party, upon receiving notice, files a motion to quash or modify the subpoena or other request to produce Confidential Information, the party to whom the subpoena or request is directed shall withhold production prior to the resolution of the motion to quash or modify.

## TERMINATION OF LITIGATION

23. Notwithstanding Opinion 692 and Opinion 692 (Supplement), upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Information and to destroy, should such source so request, all copies of Confidential Information that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Information; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

## CHANGES TO THIS CONFIDENTIALITY ORDER

24. This Confidentiality Order may be changed only by written, signed agreement of the Parties as approved by the Court, or further order of the Court, and is without prejudice to the rights of any Party to seek relief from or variation of any of its provisions.

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

25. Except as otherwise expressly provided herein above, the obligations of this Confidentiality Order shall survive the termination of the Litigation or the termination of employment of any person who has had access to any Confidential Information and continue in full force and effect.

## EXECUTION IN COUNTERPARTS

26. This Confidentiality Order may be signed by counsel in counterparts.

AGREED.

SO ORDERED this 5th day of Feb., 2013.

_____
HON. DOUGLAS ARPERT, U.S.M.J.

DATED: <u>February 4, 2013</u>             SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.

By: <u>/s/ Robert L. Lakind</u>
    Robert L. Lakind
    101 Grovers Mill Road, Suite 200
    Lawrenceville, New Jersey 08648

LEVY, PHILLIPS & KONIGSBERG, LLP
    Moshe Maimon
    Danielle Disporto
    Levy, Phillips & Konigsberg, LLP
    800 Third Avenue, 11th Floor
    New York, New York 10022

*Attorneys for Plaintiffs*

DATED: <u>February 4, 2013</u>             BLANK ROME LLP

By: <u>/s/ Jonathan M. Korn</u>
    Jonathan M. Korn
    301 Carnegie Center, 3rd Floor
    Princeton, NJ 08540

MILBANK, TWEED, HADLEY & McCLOY LLP
    James N. Benedict (*pro hac vice*)
    Sean M. Murphy (*pro hac vice*)
    Robert C. Hora
    1 Chase Manhattan Plaza
    New York, NY  10005-1413
    (212) 530-5000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, et al.,<br><br>                          Plaintiffs,<br><br>vs.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY and AXA EQUITABLE FUNDS MANAGEMENT GROUP, LLC,<br><br>                         Defendants. | Civil No. 11-4194 |

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1. I have carefully read and understand the provisions of the Stipulation and Confidentiality Order in this case signed by the Court, and I will comply with, and agree to be bound to, all of the provisions of the Stipulation and Confidentiality Order.

2. I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Confidentiality Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

3. I will limit the use of Confidential Information disclosed to me solely for purposes of this action.

4. Upon request of counsel for the Party for whom I was employed or retained, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto to such counsel.

5.      I submit my person to the jurisdiction of the United States District Court for the District of New Jersey for the limited purpose of securing compliance with the terms and conditions of the Confidentiality Order.

Dated: _____          _____