## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, for the use and benefit of the EQ/Common Stock Index Portfolio, the EQ/Equity Growth PLUS Portfolio, the EQ/Equity 500 Index Portfolio, the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value, and the EQ/Intermediate Government Bond Index Portfolio; MARY ANN SIVOLELLA for the use and benefit of the EQ Advisors Trust; MARY ANN SIVOLELLA, individually and on behalf of any person or entity that is a party to a variable annuity contract issued by/sold by AXA Equitable Life Insurance Company, which offered the ability to invest in, and resulted in an investment in, the EQ/Common Stock Index Portfolio, the EQ/Equity Growth PLUS Portfolio, the EQ/Equity 500 Index Portfolio, the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value, or the EQ/Intermediate Government Bond Index Portfolio; and MARY ANN SIVOLELLA, individually and on behalf of any person or that paid investment management fees to either AXA Equitable Life Insurance Company or AXA Equitable Funds Management Group, LLC, on account of investments in, the EQ/Common Stock Index Portfolio, the EQ/Equity Growth PLUS Portfolio, the EQ/Equity 500 Index Portfolio, the EQ/Large Cap Value PLUS Portfolio, the EQ/Global Multi-Sector Equity Portfolio, the EQ/Mid Cap Value PLUS Portfolio, the EQ/GAMCO Small Company Value, or the EQ/Intermediate Government Bond Index Portfolio, | Civil Action No. 11-4194<br><br><br>Document Filed Electronically |
| Plaintiffs, | |
| vs. | |
| AXA Equitable Life Insurance Company and AXA Equitable Funds Management Group, LLC, | |
| Defendants. | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Blank Rome LLP
   Jonathan M. Korn
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
(609) 750-7700 (Phone)
(609) 750-7701 (Fax)

Milbank, Tweed, Hadley & McCloy LLP
   James N. Benedict (*pro hac vice*)
   Sean M. Murphy (*pro hac vice*)
   Robert C. Hora (*pro hac vice*)
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000 (Phone)
(212) 530-5219 (Fax)

*Attorneys for Defendants*

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Equitable Funds Management Group, LLC ("FMG LLC," and together with AXA Equitable, the "Defendants"), by and through their undersigned attorneys, hereby answer Plaintiff's Second Amended Complaint (the "Complaint") as set forth below.  Except as specifically admitted, Defendants deny the allegations of the Complaint.

1.       Defendants admit that Plaintiff purports to bring this action on behalf of the AXA Funds (as defined in the Complaint), or alternatively, the EQ Advisors Trust, pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 1 of the Complaint.

2.       Defendants neither admit nor deny the allegations in Paragraph 2 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 2 and respectfully refer the Court to the statute referred to in Paragraph 2 for the full content and context thereof.

3.       Defendants deny the allegations in Paragraph 3 of the Complaint, except admit that the EQ Advisors Trust is an open-end management investment company registered under the ICA and that each of the AXA Funds has its own investment objective/goals.

4.       Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and on that basis deny the allegations, except admit that the AXA Funds are "series" of the EQ Advisors Trust.

5.       Defendants deny the allegations in Paragraph 5 of the Complaint.

6.       Defendants deny the allegations in Paragraph 6 of the Complaint.

7.       Defendants deny the allegations in Paragraph 7 of the Complaint.

1

8.     Defendants deny the allegations in Paragraph 8 of the Complaint, except admit that when Plaintiff  invested in any AXA Fund, shares of that AXA Fund were issued to Separate Account A and Plaintiff received units of Separate Account A.  Defendants further admit that these units of Separate Account A "corresponded to [Plaintiff's] selected investments, including the [AXA] Funds" and that "the overall value of Plaintiff's units of Separate Account A 'increase[d] or decrease[d] as though [Plaintiff] had invested in the corresponding portfolio's shares directly.'"

9.     Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants neither admit nor deny the allegations in Paragraph 10 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 10 of the Complaint, except admit that FMG LLC is an investment manager to the EQ Advisors Trust, that FMG LLC is a wholly-owned subsidiary of AXA Equitable, that AXA Equitable was registered and FMG LLC is currently registered with the Securities and Exchange Commission ("SEC") as an investment adviser, and that Plaintiff purports to bring one derivative claim on behalf of the AXA Funds and, in the alternative, one derivative claim on behalf of the EQ Advisors Trust, but deny that Plaintiff has either claim.[1]

11.     Defendants deny the allegations in Paragraph 11 of the Complaint, except admit that Plaintiff purports to sue FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section.

12.     Defendants neither admit nor deny the allegations in Paragraph 12 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 12 of the Complaint, except admit that AXA Equitable previously

---

[1] Prior to May 1, 2011, AXA Equitable served as the investment manager to the AXA Funds.  As of May 1, 2011, FMG LLC serves as the investment manager to the AXA Funds.

served as the investment manager to the AXA Funds, and that FMG LLC currently serves as the investment manager to the AXA Funds.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint, except admit that AXA Equitable charged and FMG LLC currently charges the AXA Funds investment advisory fees for investment management services and that those fees are paid from the AXA Funds' assets.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint, except admit that each AXA Fund also has a sub-adviser.

15.     Defendants deny the allegations in Paragraph 15, except admit that AXA Equitable previously entered into and FMG LLC has currently entered into an investment advisory agreement with the AXA Funds' sub-advisers.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint, except admit that AXA Equitable was paid and FMG LLC is paid a fee for their investment management services.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 17 for the full content and context thereof.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint and respectfully refer the Court to the website referred to in Paragraph 19 for the full content and context thereof.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint and respectfully refer the Court to the Statement of Additional Information ("SAI") referred to in Paragraph 20 for the full content and context thereof.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint, except admit that Plaintiff purports to assert a claim under Section 36(b) of the ICA, but deny that Plaintiff has any claim under that section.

24.     Defendants admit that Plaintiff purports to bring this action derivatively pursuant to Section 36(b) of the ICA, on behalf of the AXA Funds, but deny that Plaintiff has any claim under that section.

25.     Defendants admit that Plaintiff alternatively purports to bring this action derivatively pursuant to Section 36(b) of the ICA, on behalf of the EQ Advisors Trust if AXA Equitable and/or FMG LLC issues shares of the EQ Advisors Trust that correspond to investments in the AXA Funds, but deny that Plaintiff has any claim under that section.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and on that basis deny the allegations, and deny that Plaintiff is entitled to the relief described therein.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants neither admit nor deny the allegations in Paragraph 30 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 30.

31.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 31 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 32 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 33 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 34 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 35 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 36 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 37 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 38 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 39 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 40 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 41 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 42 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 43 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 44 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 45 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 46 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 47 of the Complaint is required.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and on that basis deny the allegations, and deny that Plaintiff is entitled to the relief described therein.

48.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 48 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants admit that Plaintiff Sivolella resides at 55 Sheffield Drive, Forked River, New Jersey 08731, but otherwise deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint, except admit that Defendant AXA Equitable is a New York corporation and that its principal place of business is 1290 Avenue of the Americas, New York, New York 10104.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint, except admit that Defendant FMG LLC is a Delaware limited liability company, that its principal place of business is 1290 Avenue of the Americas, New York, New York 10104, and that it is a wholly owned subsidiary of AXA Equitable.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint and respectfully refer the Court to the SEC filings referred to in Paragraph 52 for the full content and context thereof.

53.     Defendants neither admit nor deny the allegations in Paragraph 53 insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 53.

54.     Defendants neither admit nor deny the allegations in Paragraph 54 insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 54.

55.     Defendants neither admit nor deny the allegations in Paragraph 55 insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint and respectfully refer the Court to the case referred to in Paragraph 56 for the full content and context thereof.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and on that basis deny the allegations, and respectfully refer the Court to the Senate Report referred to in Paragraph 58 for the full content and context thereof.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and on that basis deny the

allegations, and respectfully refer the Court to the statutes and cases referred to in Paragraph 59 for the full content and context thereof.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and on that basis deny the allegations.

61.     Defendants neither admit nor deny the allegations in Paragraph 61 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and on that basis deny the allegations, and respectfully refer the Court to the statute referred to in Paragraph 61 for the full content and context thereof.

62.     Defendants neither admit nor deny the allegations in Paragraph 62 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 62 and respectfully refer the Court to the statute referred to in Paragraph 62 for the full content and context thereof.

63.     Defendants neither admit nor deny the allegations in Paragraph 63 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 63 and respectfully refer the Court to the cases referred to in Paragraph 63 for the full content and context thereof.

64.     Defendants neither admit nor deny the allegations in Paragraph 64 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 64 and respectfully refer the Court to the case and Senate Report referred to in Paragraph 64 for the full content and context thereof.

65.      Defendants neither admit nor deny the allegations in Paragraph 65 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 65 and respectfully refer the Court to the statute referred to in Paragraph 65 for the full content and context thereof.

66.      Defendants neither admit nor deny the allegations in Paragraph 66 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 66 and respectfully refer the Court to the case referred to in Paragraph 66 for the full content and context thereof.

67.      Defendants neither admit nor deny the allegations in Paragraph 67 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 67 and respectfully refer the Court to the case referred to in Paragraph 67 for the full content and context thereof.

68.      Defendants neither admit nor deny the allegations in Paragraph 68 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 68.

69.      Defendants neither admit nor deny the allegations in Paragraph 69 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 69.

70.      Defendants neither admit nor deny the allegations in Paragraph 70 of the Complaint insofar as said allegations constitute conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and on that basis deny the allegations, and otherwise deny the allegations in Paragraph 70.

71.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 71 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 72 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 73 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 74 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 75 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 76 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint, except admit that AXA Equitable served as the investment manager to each of the AXA Funds, and FMG LLC serves as the investment manager to each of the AXA Funds.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79, except admit that AXA Equitable has contracted with sub-advisers.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants admit that FMG LLC has entered into subadvisory agreements with Alliance Bernstein L.P.; BlackRock Capital Management, Inc.; BlackRock Investment Management, LLC; Morgan Stanley Investment Management Inc.; GAMCO Asset Management, Inc.; Wellington Management Company, LLP; and SSgA Funds Management, Inc.; but otherwise deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants admit the allegations in Paragraph 83 of the Complaint to the extent that Paragraph 83 lists the subadvisors for each of the AXA Funds, but otherwise deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint and respectfully refer the Court to the website referred to in Paragraph 87 for the full content and context thereof.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 90 for the full content and context thereof.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 91 for the full content and context thereof.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 92 for the full content and context thereof.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 93 for the full content and context thereof.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 95 for the full content and context thereof.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 96 for the full content and context thereof.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 97 for the full content and context thereof.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 98 for the full content and context thereof.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     Defendants deny the allegations in Paragraph 100 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 100 for the full content and context thereof.

101.     Defendants deny the allegations in Paragraph 101 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 101 for the full content and context thereof.

102.     Defendants deny the allegations in Paragraph 102 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 102 for the full content and context thereof.

103.     Defendants deny the allegations in Paragraph 103 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 103 for the full content and context thereof.

104.     Defendants deny the allegations in Paragraph 104 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 104 for the full content and context thereof.

105.     Defendants deny the allegations in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 106 for the full content and context thereof.

107.     Defendants deny the allegations in Paragraph 107 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 107 for the full content and context thereof.

108.   Defendants deny the allegations in Paragraph 108 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 108 for the full content and context thereof.

109.   Defendants deny the allegations in Paragraph 109 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 109 for the full content and context thereof.

110.   Defendants deny the allegations in Paragraph 110 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 110 for the full content and context thereof.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations in Paragraph 112 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 112 for the full content and context thereof.

113.   Defendants deny the allegations in Paragraph 113 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 113 for the full content and context thereof.

114.   Defendants deny the allegations in Paragraph 114 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 114 for the full content and context thereof.

115.   Defendants deny the allegations in Paragraph 115 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 115 for the full content and context thereof.

116.     Defendants deny the allegations in Paragraph 116 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 116 for the full content and context thereof.

117.     Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 118 for the full content and context thereof.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 119 for the full content and context thereof.

120.     Defendants deny the allegations in Paragraph 120 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 120 for the full content and context thereof.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 121 for the full content and context thereof.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 123 for the full content and context thereof.

124.     Defendants deny the allegations in Paragraph 124 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 124 for the full content and context thereof.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 125 for the full content and context thereof.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 126 for the full content and context thereof.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 127 for the full content and context thereof.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint and respectfully refer the Court to the Form N-1A referred to in Paragraph 129 for the full content and context thereof.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint and respectfully refer the Court to the Form N-1As referred to in Paragraph 130 for the full content and context thereof.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 131 for the full content and context thereof.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 132 for the full content and context thereof.

133.     Defendants deny the allegations in Paragraph 133 of the Complaint and respectfully refer the Court to the SAI referred to in Paragraph 133 for the full content and context thereof.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint and respectfully refer the Court to the Annual Report referred to in Paragraph 134 for the full content and context thereof.

135.     Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     Defendants neither admit nor deny the allegations in Paragraph 136 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations in Paragraph 138 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 138 for the full content and context thereof.

139.     Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations in Paragraph 140 of the Complaint, and respectfully refer the Court to the website and Agreements referred to in Paragraph 140 for the full content and context thereof.

141.     Defendants deny the allegations in Paragraph 141 of the Complaint, and respectfully refer the Court to the SAI referred to in Paragraph 141 for the full content and context thereof.

142.     Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint, and respectfully refer the Court to the Agreements referred to in Paragraph 143 for the full content and context thereof.

144.    Defendants neither admit nor deny the allegations in Paragraph 144 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants neither admit nor deny the allegations in Paragraph 145 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    Defendants neither admit nor deny the allegations in Paragraph 147 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 147 of the Complaint.

148.    Defendants neither admit nor deny the allegations in Paragraph 148 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 148 of the Complaint, and respectfully refer the Court to the Senate Report referred to in Paragraph 148 for the full content and context thereof.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint, and respectfully refer the Court to the article referred to in Paragraph 149 for the full content and context thereof.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint, and respectfully refer the Court to the SEC Report and GAO Report referred to in Paragraph 154 for the full content and context thereof.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint, and respectfully refer the Court to the article referred to in Paragraph 155 for the full content and context thereof.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint, and respectfully refer the Court to the GAO Report referred to in Paragraph 156 for the full content and context thereof.

157.    Defendants neither admit nor deny the allegations in Paragraph 157 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint, except admit that all of the AXA Funds employ a declining rate structure in which the percentage fee rate decreases at designated breakpoints as assets increase.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint, and respectfully refer the Court to the Freeman & Brown Study referred to in Paragraph 159 for the full content and context thereof.

160.    Defendants deny allegations in Paragraph 160 of the Complaint, except admit that economies of scale can be passed on to and shared with mutual funds through management fee breakpoints.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint, except admit that to the extent economies of scale exist, they have been shared with the AXA Funds' investors.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations in Paragraph 170 of the Complaint.

171.    Defendants neither admit nor deny the allegations in Paragraph 171 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 171.

172.    Defendants neither admit nor deny the allegations in Paragraph 172 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 172 and respectfully refer the Court to the case and statute referred to in Paragraph 172 for the full content and context thereof.

173.    Defendants neither admit nor deny the allegations in Paragraph 173 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 173.

174.     Defendants neither admit nor deny the allegations in Paragraph 174 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 174.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Complaint, but admit that all but one of the Trustees on the Board of Trustees of the EQ Advisors Trust are not "interested" board members.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint, but admit that certain of the Board members are compensated for their services.

179.     Defendants deny the allegations in Paragraph 179 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 179.

180.     Defendants neither admit nor deny the allegations in Paragraph 180 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 180.

181.     Defendants neither admit nor deny the allegations in Paragraph 181 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 181 of the Complaint, and respectfully refer the Court to the Guidebook referred to in Paragraph 181 for the full content and context thereof.

182.     Defendants neither admit nor deny the allegations in Paragraph 182 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 182.

183.     Defendants neither admit nor deny the allegations in Paragraph 183 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 183.

184.     Defendants neither admit nor deny the allegations in Paragraph 184 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 184.

185.     Defendants deny the allegations in Paragraph 185 of the Complaint.

186.     Defendants neither admit nor deny the allegations in Paragraph 186 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 186.

187.     Defendants neither admit nor deny the allegations in Paragraph 187 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 187.

188.     Defendants neither admit nor deny the allegations in Paragraph 188 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 188.

189.     Defendants neither admit nor deny the allegations in Paragraph 189 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 189.

190.     Defendants neither admit nor deny the allegations in Paragraph 190 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 190.

191.     Defendants neither admit nor deny the allegations in Paragraph 191 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 191 or deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and on that basis deny the allegations.

192.     Defendants deny the allegations in Paragraph 192 of the Complaint.

193.     Defendants neither admit nor deny the allegations in Paragraph 193 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 193.

194.     Defendants deny the allegations in Paragraph 194 of the Complaint, and respectfully refer the Court to the Study referred to in Paragraph 194 for the full content and context thereof.

195.     Defendants deny the allegations in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations in Paragraph 198 of the Complaint and respectfully refer the Court to the article referred to in Paragraph 198 for the full content and context thereof.

199.     Defendants deny the allegations in Paragraph 199 of the Complaint.

200.     Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     Defendants deny the allegations in Paragraph 201 of the Complaint.

202.     Defendants neither admit nor deny the allegations in Paragraph 202 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 202.

203.     Defendants neither admit nor deny the allegations in Paragraph 203 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 203.

204.     Defendants neither admit nor deny the allegations in Paragraph 204 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 204.

205.     Defendants neither admit nor deny the allegations in Paragraph 205 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 205.

206.     Defendants deny the allegations in Paragraph 206 of the Complaint, except admit that Plaintiff does not challenge the fees paid to the sub-advisers of the AXA Funds.

207.     Defendants deny the allegations in Paragraph 207 of the Complaint.

208.     Defendants deny the allegations in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations in Paragraph 209 of the Complaint.

210.     Defendants neither admit nor deny the allegations in Paragraph 210 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 210.

211.     Defendants deny the allegations in Paragraph 211 of the Complaint.

212.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 212 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 212 of the Complaint.

213.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 213 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 213 of the Complaint.

214.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 214 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 214 of the Complaint.

215.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 215 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 215 of the Complaint.

216.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 216 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 216 of the Complaint.

217.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 217 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 217 of the Complaint.

218.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 218 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 218 of the Complaint.

219.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 219 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 219 of the Complaint.

220.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 220 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 220 of the Complaint.

221.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 221 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 221 of the Complaint.

222.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 222 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 222 of the Complaint.

223.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 223 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 223 of the Complaint.

224.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 224 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 224 of the Complaint.

225.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and, therefore, no response to Paragraph 225 of the Complaint is required. Defendants otherwise deny the allegations in Paragraph 225 of the Complaint.

226.    Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 226 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 226 of the Complaint.

227.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 227 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 227 of the Complaint.

228.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 228 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 228 of the Complaint.

229.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 229 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 229 of the Complaint.

230.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 230 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 230 of the Complaint.

231.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 231 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 231 of the Complaint.

232.     Defendants state that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 232 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 232 of the Complaint.

233.     Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 233 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 233 of the Complaint.

234.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 234 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 234 of the Complaint.

235.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 235 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 235 of the Complaint.

236.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 236 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 236 of the Complaint.

237.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 237 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 237 of the Complaint.

238.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 238 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 238 of the Complaint.

239.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no

response to Paragraph 239 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 239 of the Complaint.

240.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 240 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 240 of the Complaint.

241.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 241 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 241 of the Complaint.

242.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 242 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 242 of the Complaint.

243.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 243 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 243 of the Complaint.

244.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 244 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 244 of the Complaint.

245.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 245 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 245 of the Complaint.

246.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 246 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 246 of the Complaint.

247.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 247 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 247 of the Complaint.

248.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 248 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 248 of the Complaint.

249.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 249 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 249 of the Complaint.

250.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no

response to Paragraph 250 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 250 of the Complaint.

251.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 251 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 251 of the Complaint.

252.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 252 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 252 of the Complaint.

253.    Defendants state that Plaintiff has voluntarily dismissed Count III of the Complaint and that the Court has dismissed Count IV of the Complaint and, therefore, no response to Paragraph 253 of the Complaint is required.  Defendants otherwise deny the allegations in Paragraph 253 of the Complaint.

254.    Defendants admit that FMG LLC has entered into an administrative services agreement with the EQ Advisors Trust, and otherwise deny the allegations in Paragraph 254 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 254 for the full contents and context thereof.

255.    Defendants admit that FMG LLC has entered into an administrative services agreement with the EQ Advisors Trust, respectfully refer the Court to the Agreement referred to in Paragraph 255 for the full content and context thereof, and otherwise deny the allegations in Paragraph 255 of the Complaint.

256.    Defendants deny the allegations in Paragraph 256 of the Complaint, except admit that FMG LLC has entered into investment management and administrative agreements with the EQ Advisors Trust, and respectfully refer the Court to the Agreements referred to in Paragraph 256 for the full contents and context thereof.

257.    Defendants deny the allegations in Paragraph 257 of the Complaint.

258.    Defendants deny the allegations in Paragraph 258 of the Complaint.

259.    Defendants deny the allegations in Paragraph 259 of the Complaint.

260.    Defendants deny the allegations in Paragraph 260 of the Complaint, except admit that JP Morgan's fees were negotiated in an arm's length transaction and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding JP Morgan's corporate organization.

261.    Defendants admit the allegations in Paragraph 261 of the Complaint.

262.    Defendants deny the allegations in Paragraph 262 of the Complaint.

263.    Defendants deny the allegations in Paragraph 263 of the Complaint.

264.    Defendants deny the allegations in Paragraph 264 of the Complaint.

265.    Defendants deny the allegations in Paragraph 265 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 265 for the full content and context thereof.

266.    Defendants deny the allegations in Paragraph 266 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 266 for the full content and context thereof.

267.    Defendants deny the allegations in Paragraph 267 of the Complaint.

268.     Defendants deny the allegations in Paragraph 268 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 268 for the full content and context thereof.

269.     Defendants deny the allegations in Paragraph 269 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 269 for the full contents and context thereof.

270.     Defendants deny the allegations in Paragraph 270 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 270 for the full contents and context thereof.

271.     Defendants deny the allegations in Paragraph 271 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 271 for the full contents and context thereof.

272.     Defendants deny the allegations in Paragraph 272 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 272 for the full content and context thereof.

273.     Defendants deny the allegations in Paragraph 273 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 273 for the full contents and context thereof.

274.     Defendants deny the allegations in Paragraph 274 of the Complaint, except admit that sub-advisers make periodic reports to the Board of Trustees.

275.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275 of the Complaint and on that basis deny the allegations.

276.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276 of the Complaint and on that basis deny the allegations.

277.    Defendants deny the allegations in Paragraph 277 of the Complaint and respectfully refer the Court to the Agreement referred to in Paragraph 277 for the full content and context thereof.

278.    Defendants deny the allegations in Paragraph 278 of the Complaint, except admit that certain of the Board members are compensated for their services and respectfully refer the Court to the Statement of Additional Information ("SAI") referred to in Paragraph 278 for the full content and context thereof.

279.    Defendants deny the allegations in Paragraph 279 of the Complaint and respectfully refer the Court to the various agreements referenced in Paragraph 279 for the full contents and context thereof.

280.    Defendants deny the allegations in Paragraph 280 of the Complaint.

281.    Defendants deny the allegations in Paragraph 281 of the Complaint.

282.    Defendants deny the allegations in Paragraph 282 of the Complaint.

283.    Defendants deny the allegations in Paragraph 283 of the Complaint and respectfully refer the Court to the Agreement referenced in Paragraph 283 for the full content and context thereof.

284.    Defendants deny the allegations in Paragraph 284 of the Complaint and respectfully refer the Court to the Agreement referenced in Paragraph 284 for the full content and context thereof.

285.    Defendants deny the allegations in Paragraph 285 of the Complaint.

286.    Defendants deny the allegations in Paragraph 286 of the Complaint and respectfully refer the Court to the Agreements referenced in Paragraph 286 for the full contents and context thereof.

287.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287 of the Complaint and on that basis deny the allegations.

288.    Defendants deny the allegations in Paragraph 288 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 288 for the full contents and context thereof.

289.    Defendants deny the allegations in Paragraph 289 of the Complaint.

290.    Defendants deny the allegations in Paragraph 290 of the Complaint, except admit that JP Morgan is paid a fee pursuant to the terms of its service agreement with FMG LLC.

291.    Defendants deny the allegations in Paragraph 291 of the Complaint.

292.    Defendants deny the allegations in Paragraph 292 of the Complaint.

293.    Defendants deny the allegations in Paragraph 293 of the Complaint.

294.    Defendants deny the allegations in Paragraph 294 of the Complaint.

295.    Defendants deny the allegations in Paragraph 295 of the Complaint.

296.    Defendants deny the allegations in Paragraph 296 of the Complaint.

297.    Defendants deny the allegations in Paragraph 297 of the Complaint.

298.    In response to Paragraph 298, Defendants repeat and reallege the foregoing responses to each and every allegation in Paragraphs 172 to 185 of the Complaint, and otherwise incorporate the responses contained above to Paragraphs 172 to 185.

299.    Defendants deny the allegations in Paragraph 299 of the Complaint.

300.    Defendants deny the allegations in Paragraph 300 of the Complaint, and respectfully refer the Court to Defendants' Responses and Objections to Plaintiffs' Interrogatories for the full content and context thereof.

301.    Defendants deny the allegations in Paragraph 301 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 301 for the full contents and context thereof.

302.    Defendants deny the allegations in Paragraph 302 of the Complaint and respectfully refer the Court to the letter referred to in Paragraph 302 for the full content and context thereof.

303.    Defendants deny the allegations in Paragraph 303 of the Complaint and respectfully refer the Court to the letter referred to in Paragraph 303 for the full content and context thereof.

304.    Defendants deny the allegations in Paragraph 304 of the Complaint and respectfully refer the Court to the letter referred to in Paragraph 304 for the full content and context thereof.

305.    Defendants deny the allegations in Paragraph 305 of the Complaint and respectfully refer the Court to the Board materials referred to in Paragraph 305 for the full contents and context thereof.

306.    Defendants deny the allegations in Paragraph 306 of the Complaint and respectfully refer the Court to the Board materials referred to in Paragraph 306 for the full contents and context thereof.

307.    Defendants deny the allegations in Paragraph 307 of the Complaint.

308.    Defendants deny the allegations in Paragraph 308 of the Complaint.

309.    Defendants deny the allegations in Paragraph 309 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 309 for the full contents and context thereof.

310.    Defendants deny the allegations in Paragraph 310 of the Complaint and respectfully refer the Court to the Agreements referred to in Paragraph 310 for the full contents and context thereof.

311.    Defendants deny the allegations in Paragraph 311 of the Complaint.

312.    Defendants deny the allegations in Paragraph 312 of the Complaint.

313.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the Complaint and on that basis deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in Paragraph 314 of the Complaint.

315.    Defendants deny the allegations in Paragraph 315 of the Complaint and respectfully refer the Court to the Board materials for the full contents and context thereof.

316.    Defendants deny the allegations in Paragraph 316 of the Complaint and respectfully refer the Court to the Board materials for the full contents and context thereof.

317.    Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the AXA Funds pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 317 of the Complaint.

318.    Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the EQ Advisors Trust pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff

has any claim under that section and otherwise deny the allegations in Paragraph 318 of the Complaint.

319. Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the AXA Funds pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 319 of the Complaint.

320. Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the EQ Advisors Trust pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 320 of the Complaint.

321. In response to Paragraph 321, Defendants repeat and reallege the foregoing responses to each and every allegation above and otherwise incorporate the responses contained above.

322. Defendants neither admit nor deny the allegations in Paragraph 322 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 322.

323. Defendants neither admit nor deny the allegations in Paragraph 323 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 323.

324. Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the AXA Funds against AXA Equitable and/or FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 324 of the Complaint.

325.    Defendants neither admit nor deny the allegations in Paragraph 325 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 325.

326.    Defendants neither admit nor deny the allegations in Paragraph 326 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 326.

327.    Defendants admit that Plaintiff seeks damages on behalf of the AXA Funds from AXA Equitable and/or FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 327 of the Complaint.

328.    Defendants neither admit nor deny the allegations in Paragraph 328 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 328.

329.    In response to Paragraph 329, Defendants repeat and reallege the foregoing responses to each and every allegation above and otherwise incorporate the responses contained above.

330.    Defendants neither admit nor deny the allegations in Paragraph 330 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 330.

331.    Defendants neither admit nor deny the allegations in 331 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 331.

332.     Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the EQ Advisors Trust against AXA Equitable and/or FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 332 of the Complaint.

333.     Defendants neither admit nor deny the allegations in Paragraph 333 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 333.

334.     Defendants neither admit nor deny the allegations in Paragraph 334 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 334.

335.     Defendants admit that Plaintiff seeks damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 335.

336.     Defendants neither admit nor deny the allegations in Paragraph 336 of the Complaint insofar as said allegations constitute conclusions of law and otherwise deny the allegations in Paragraph 336.

337.     In response to Paragraph 337, Defendants repeat and reallege the foregoing responses to each and every allegation above and otherwise incorporate the responses contained above.

338.     Defendants neither admit nor deny the allegations in Paragraph 338 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 338.

339.     Defendants deny the allegations in Paragraph 339 of the Complaint.

340.    Defendants deny the allegations in Paragraph 340 of the Complaint.

341.    Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the respective AXA Funds against FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 341 of the Complaint.

342.    Defendants deny the allegations in Paragraph 342 of the Complaint.

343.    Defendants deny the allegations in Paragraph 343 of the Complaint.

344.    Defendants admit that Plaintiff seeks damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 344.

345.    Defendants neither admit nor deny the allegations in Paragraph 345 of the Complaint insofar as said allegations constitute conclusions of law, admit that Plaintiff seeks rescission and restitution but deny that Plaintiff has any claim to such relief, and otherwise deny the allegations in Paragraph 345.

346.    In response to Paragraph 346, Defendants repeat and reallege the foregoing responses to each and every allegation above and otherwise incorporate the responses contained above.

347.    Defendants neither admit nor deny the allegations in Paragraph 347 of the Complaint insofar as said allegations constitute conclusions of law, and otherwise deny the allegations in Paragraph 347.

348.    Defendants deny the allegations in Paragraph 348 of the Complaint.

349.    Defendants deny the allegations in Paragraph 349 of the Complaint.

350.     Defendants admit that Plaintiff purports to bring this action derivatively on behalf of the EQ Advisors Trust against FMG LLC pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 350 of the Complaint.

351.     Defendants deny the allegations in Paragraph 351 of the Complaint.

352.     Defendants deny the allegations in Paragraph 352 of the Complaint.

353.     Defendants admit that Plaintiff seeks damages pursuant to ICA § 36(b), 15 U.S.C. § 80a-35(b), but deny that Plaintiff has any claim under that section and otherwise deny the allegations in Paragraph 353.

354.     Defendants neither admit nor deny the allegations in Paragraph 354 of the Complaint insofar as said allegations constitute conclusions of law, admit that Plaintiff seeks rescission and restitution but deny that Plaintiff has any claim to such relief, and otherwise deny the allegations in Paragraph 354.

*   *   *

355.     Defendants deny each and every averment in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

356.     By alleging the Affirmative Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that plaintiffs are entitled to any relief whatsoever.

### First Defense

357.     The Complaint fails to state a claim upon which relief can be granted.

Second Defense

358.    Plaintiff's claims are barred in whole or in part by the applicable statute of

limitations and the one-year "look-back" statutory limitation on damages.

Third Defense

359.    Defendants did not engage in any conduct which would constitute a breach of

fiduciary duty.

Fourth Defense

360.    Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver,

estoppel, unclean hands, and/or ratification.

Fifth Defense

361.    Plaintiff has not suffered any losses or damages proximately caused by her

investment in the Funds or by any breach of fiduciary duty as set forth in the Complaint.

Sixth Defense

362.    At the time Plaintiff first became an alleged shareholder of the AXA Funds, she

was or should have been aware that an Advisory Fee Schedule equal to or greater than now in

effect had been approved by a majority of the Board of Trustees of the EQ Advisors Trust and

AXA Funds.  Plaintiff was fully informed of all material facts concerning investing in the AXA

Funds, including the level and calculation of the Fund adviser's compensation, and knowingly

entered into the investment.  On this basis, Plaintiff is estopped and precluded from maintaining

this action on behalf of the AXA Funds.

Seventh Defense

363.    Defendants acted at all times and in all respects in good faith and with due care.

<u>Eighth Defense</u>

364.     The Independent Trustees of the EQ Advisors Trust and AXA Funds received adequate information from Defendants and exercised good faith business judgment in approving the management agreements in effect when Plaintiff allegedly became a shareholder, and in subsequently approving renewals of the management agreements containing the advisory fee schedule currently in effect.

<u>Ninth Defense</u>

365.     Plaintiff lacks standing to bring the claims asserted in the Complaint.

<u>Tenth Defense</u>

366.     To the extent that this action seeks exemplary or punitive damages, any such relief would violate the Defendants' rights to procedural and substantive due process.

<u>Eleventh Defense</u>

367.     Plaintiff is not entitled to a jury trial.  *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980); *In re Evangelist*, 760 F.2d 27, 30-31 (1st Cir. 1985).

<u>Twelfth Defense</u>

368.     Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to assert such defenses.

Dated:  April 29, 2013

Respectfully submitted,

BLANK ROME LLP

By:     */s/ Jonathan M. Korn*
         Jonathan M. Korn
         301 Carnegie Center, 3rd Floor
         Princeton, NJ 08540

MILBANK, TWEED, HADLEY & MCCLOY LLP

         James N. Benedict (*pro hac vice*)
         Sean M. Murphy (*pro hac vice*)
         Robert C. Hora (*pro hac vice*)
         1 Chase Manhattan Plaza
         New York, NY  10005-1413
         (212) 530-5000

Attorneys for Defendants