## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY ANN SIVOLELLA, et al. | : | |
| | : | Civil Action No. 11-4194 (PGS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AXA EQUITABLE FUNDS MANAGEMENT, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| GLENN D. SANFORD, et al. | : | Civil Action No. 13-312 (PGS) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AXA EQUITABLE FUNDS MANAGEMENT, LLC, et al., | : | **REPORT AND RECOMMENDATION** |
| | : | |
| Defendants. | : | |

**ARPERT, U.S.M.J.**

This matter comes before the Court on Defendants' Motion to Strike Plaintiffs' Demands for a Jury Trial [dkt. nos. 42, 7]. Plaintiffs have opposed the Motion [dkt. nos. 51, 15]. This matter was referred by U.S. District Judge Peter G. Sheridan for a Report and Recommendation pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1. The Court has carefully considered the Parties' submissions and heard argument on May 17, 2013. For the reasons set forth on the record and below, the Court recommends that Defendants' Motion be **GRANTED**.

I.      INTRODUCTION

The facts of this case are well-known to the Parties and the Court. They have also been set forth in detail by Judge Sheridan in his Opinion granting, in part, and denying, in part, Defendants' Motion to Dismiss. See dkt. no. 27. The facts only as they pertain to the instant dispute, therefore, are as follows.

These consolidated actions are brought pursuant to Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b) ("Section 36(b)") on behalf of Plaintiff security holders of twelve mutual funds ("the Funds") to which Defendants allegedly charged excessive management fees. See Sivolella Am. Compl. at ¶ 23; Sanford Compl. at ¶ 27. The Funds are among the investment options offered by AXA Equitable for certificate holders under variable annuity contracts. See Sivolella Am. Compl. at ¶ 6.[1] Defendants have served or currently serve as investment managers for the Funds. See Sivolella Am. Compl. at ¶¶ 50-51; Sanford Compl. at ¶ 41. In their Complaints, Plaintiffs demand that their Section 36(b) claims be tried before a jury.

The issue presented here is whether Plaintiffs' remedy lies in equity or at law. Since their Complaints seek damages, Plaintiffs contend their remedy is at law, and therefore triable to a jury. Defendants, on the other hand, argue that Section 36(b) claims are purely equitable, and thus triable to the Court.

II.     LEGAL STANDARD

The right to a trial by jury may be protected by the Constitution or by statute. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const., Amdt.

---

[1] Plaintiffs purchased certificates under variable annuity contracts issued by AXA Equitable.

2

7. "As a general rule, the right to a jury trial is protected by the Seventh Amendment when the claim is a legal one, but not if it is equitable." Hatco Corp. v. W.R. Grace & Co. Conn., 59 F.3d 400, 411 (3d Cir. 1995). Legal claims are those "actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 348 (1998). In establishing statutory remedies, Congress may likewise "provide for jury trials in addition to those required by the Constitution." Hatco, 59 F.3d at 411 (citing Tull v. United States, 481 U.S. 412, 417 n. 3 (1987); Curtis v. Loether, 415 U.S. 189, 191-92 (1974)).

### III. DISCUSSION

#### A. Statutory Analysis

Plaintiffs argue first that the text of Section 36(b) is dispositive of the inquiry. The use of the phrase "actual damages" in Section 36(b)(3)[2], Plaintiffs maintain, reflects an intention on behalf of Congress to confer a statutory right to a jury trial. Pl.'s Opp. Br. at 7.

As a general matter, Plaintiffs are correct that a court should "first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be

---

[2] Section 36(b)(3) provides:

> (3) No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no ***damages*** or other relief shall be granted against any person other than the recipient of such compensation or payments. No award of ***damages*** shall be recoverable for any period prior to one year before the action was instituted. Any award of ***damages*** against such recipient shall be limited to the ***actual damages*** resulting from the breach of fiduciary duty and shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient.

15 U.S.C.A. § 80a-35(b)(3) (emphasis added).

3

avoided." Feltner, 523 U.S. at 345 (citing Tull, 481 U.S. at 417 n. 3; Curtis v. Loether, 415 U.S. at 192 n. 6). Indeed, three U.S. Courts of Appeal undertook this same statutory inquiry. And each one determined that the language of Section 36(b) was not dispositive of the issue. In re Gartenberg, 636 F.2d 16, 17-18 (2d Cir. 1980) (finding nothing in the text of Section 36(b) demonstrates congressional intent to grant the right to a jury trial)[3]; In re Evangelist, 760 F.2d 27, 30 (1st Cir. 1985) ("The simple use of the word 'damages,' in light of the other evidence of Congressional intent, is not sufficient to show that Congress intended to create an action 'at law' in the typical § 80a-35 case."); Kamen v. Kemper Fin. Servs., Inc., 908 F.2d 1338, 1351 (7th Cir. 1990), rev'd on other grounds, 500 U.S. 90 (1991), (adopting the holding and rationale of Evangelist). Absent controlling Third Circuit precedent to the contrary, the Court finds these decisions persuasive.

The Court is not swayed by Plaintiffs' argument, moreover, that the Supreme Court's recent decision in Feltner has somehow "changed the analytical framework for the evaluation of a party's entitlement to a jury," Pl.'s Opp. Br. at 1-2. Cf. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 708 (1999) (even the words "action at law" do not necessarily imply a right to a jury trial). Plaintiffs cite Feltner, 523 U.S. at 345, for the proposition that it is "'beyond dispute that a plaintiff who seeks to recover actual damages is entitled to a jury trial.'" Pl.'s Opp. Br. at 11. This is not a correct statement or application of the law as it relates to Section 36(b).

In the first instance, Plaintiffs' quote is taken out of context. In Feltner, the Court cited a copyright treatise for the proposition that when a plaintiff seeks actual damages under the

---

[3] Plaintiffs claim the requisite statutory analysis was "ignored by Gartenberg." Pl.'s Br. at 2. This is not so. The Gartenberg Court explicitly stated, "the fact remains that the revised statute is silent" on the "jury-non-jury issue." 636 F. 2d at 17. Only then did the Gartenberg Court proceed to its Seventh Amendment analysis.

4

Copyright Act of 1976, it is "beyond dispute" that they are entitled to a jury trial. 523 U.S. at 345 (quoting 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.10[B] (1997)).

Second, and more importantly, the Feltner Court did not base its holding on the language of the statute at issue. The Court instead determined that a plaintiff seeking statutory damages under the Copyright Act of 1976 has a Seventh Amendment right to a jury trial because copyright actions have been tried to juries for over 200 years. Id. at 350. Section 36(b) cases, on the other hand, do not share similar historical treatment; in fact, there is no historical precedent for such cases being tried to a jury. See Evangelist, 760 F.2d at 29 ("Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'-carrying with them no right to trial by jury.").

Thus, Feltner only reinforces the unremarkable proposition that the Court should undertake an analysis of the statute prior to reaching any Seventh Amendment issues. See Curtis v. Loether, 415 U.S. at 192, n. 6 (recognizing this "cardinal rule"). Here, as Gartenberg and its progeny demonstrate, the constitutional issue cannot be resolved by resort to the statute. The Court, therefore, must proceed to the Seventh Amendment analysis.

### B. Seventh Amendment

Plaintiffs next argue that insofar as their claim may be characterized as restitution, it is a claim for *legal* restitution that must, under the Seventh Amendment, be resolved by a jury.

The Seventh Amendment protects the right to trial by jury for those claims involving legal rights. "To determine whether a particular action will resolve legal rights," the Court must "examine both the nature of the issues involved and the remedy sought." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990). As the Supreme Court has stated:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we

examine the remedy sought and determine whether it is legal or equitable in nature.

Id. The second inquiry is most important to the analysis. Id.

### 1. *Cause of Action (Basis for Claim)*

Here, Plaintiffs claim Defendants breached their fiduciary duty by charging excessive fees. Indeed, Section 36(b) "impose[s] upon investment advisers a 'fiduciary duty' with respect to compensation received from a mutual fund." Jones v. Harris Associates L.P., 559 U.S. 335, 335 (2010) (citing Section 36(b)). As a general rule, "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts." Pereira v. Farace, 413 F.3d 330, 338 (2d Cir. 2005) (citing Terry, 494 U.S. at 567). Thus, it has been traditionally understood that Section 36(b) claims would be heard by a court of equity. E.g., Gartenberg, 636 F.2d at 18; Krinsk v. Fund Asset Mgmt., Inc., 875 F.2d 404, 414 (2d Cir. 1989). Since neither Party appears to dispute this point, the Court need not "ratt[le] through dusty attics of ancient writs," Terry, 494 U.S. at 576 (Brennan, J., concurring) (explaining that absent congressional delegation, the existence of a right to jury trial turns on the nature of the remedy), in search of a different result.

### 2. *Nature of the Remedy*

Relying on the Supreme Court's decision in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 214 (2002), Plaintiffs maintain that they seek not equitable restitution but legal restitution. See Pl.'s Opp. Br. at 15.[4]

It is well-settled that Section 36(b) claims for breach of fiduciary duty are claims for restitution. E.g., Krinsk, 875 F.2d at 414 (holding that the remedy would be equitable and a jury trial improper); but see Gartenberg, 636 F. 2d at 18 ("We leave for another day a determination

---

[4] At argument, Plaintiff's counsel conceded, "if this Court doesn't accept that the 1997 Supreme Court decision of Feltner and the 2001 Supreme Court decision of Great-West changed the law on this issue, then we should definitely lose this motion." Tr. of Argument at 27:8-11.

as to the right to a jury trial of a plaintiff making a bona fide claim for damages."). Restitution, however, "is a remedy historically and today dispensed in law and equity proceedings alike." Reich v. Cont'l Cas. Co., 33 F.3d 754, 755-56 (7th Cir. 1994) (Posner, J.). While claims for legal restitution are triable to a jury, claims for equitable restitution are not. See Pereira, 413 F.3d at 339.

In Great-West, the Supreme Court clarified the distinction between legal and equitable restitution. 534 U.S. at 214-15.[5] Restitution is an equitable remedy when the action seeks "not to impose personal liability on the defendant, but to restore the plaintiff particular funds or property in the defendant's possession." Id. at 214. In contrast, restitution is a legal remedy when it seeks the recovery of "money to pay for some benefit the defendant had received from [plaintiff]," as such claims are "viewed essentially as actions at law for breach of contract." Id. at 213; see also id. ("In such cases, the plaintiff's claim was considered legal because he sought 'to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money.'") (citation omitted)).

Applying this framework, the Great-West Court held that claims asserted under § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA")—which authorizes only equitable relief—were claims for legal restitution and thus barred. Id. at 214. In that case, petitioners (health plan and insurance company) claimed an entitlement to the proceeds of respondent's (individual involved in auto accident) tort settlement. Id. at 207-209. The Court rejected petitioners' characterization of the relief sought as equitable restitution:

> The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust

---

[5] The right to a jury trial was not at issue in Great-West.

7

or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.

Id. at 214.

Relying on Great-West, the U.S. Court of Appeals for the Second Circuit in Pereira held that claims brought for breach of fiduciary duty were for compensatory damages (a legal claim), not equitable restitution. 413 F.3d at 340-41. Pereira involved a claim by a bankruptcy trustee (acting on behalf of a defunct corporation) against the corporation's former officers and directors. Id. at 334-35. Following a bench trial, the district court held that the defendants breached their fiduciary duties by sanctioning a number of improper transactions which drained the corporation's funds. Id. The Second Circuit, however, reversed the district court's denial of defendants' request for a jury trial. Id. at 340-41. In so doing, the Second Circuit relied on the Supreme Court's "rule that a defendant must possess the funds at issue for the remedy of equitable restitution to lie against him." Id. at 340 (citing Great-West, 534 U.S. at 214). Because it was "undeniable [] that the Trustee seeks only to recover funds attributable to Trace's loss, not the director's unjust gain," the claims were for compensatory damages and, thus, triable to a jury. Id. at 340.

Citing Great-West and Pereira, Plaintiffs maintain that their Complaints "simply seek awards of 'compensatory damages' against Defendants, without any reference to any 'particular funds or property.'" Pl.'s Opp. Br. at 21 (citing Great-West, 534 U.S. at 214). Plaintiffs' position is unavailing. To be sure, Plaintiffs' Complaints do seek an award of "compensatory damages" against Defendants. See Sivollela Am. Compl. at Prayer for Relief ¶ B; Sanford Compl. at Prayer for Relief ¶ B. And "[m]oney damages are, of course, the classic form of *legal* relief." Mertens v. Hewitt Associates, 508 U.S. 248, 255 (1993). "But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." Dairy Queen, Inc. v. Wood,

8

369 U.S. 469, 477-78 (1962). Plaintiffs' choice of words must therefore be compared to the actual relief they seek. See Schuyt v. Rowe Price Prime Reserve Fund, Inc., 835 F.2d 45, 46 (2d Cir. 1987) ("The mere fact that Schuyt has designated the relief she seeks as 'damages' does not mean that she is automatically entitled to a jury trial.").

What Plaintiffs actually seek is disgorgement of the excessive fees they claim were collected by Defendants. Sivollela Am. Compl. at Prayer for Relief ¶ B (seeking "repayment of all unlawful and/or excessive fees"); Sanford Compl. at Prayer for Relief ¶ B (same); Tr. of Argument at 28:9-10 (MR. LAKIND: Your Honor, I do concede that the damages are limited to the return of the fees.). This is equitable restitution. See Nat'l Sec. Sys., Inc. v. Iola, 700 F.3d 65, 101 (3d Cir. 2012) ("It is undisputed that restitution of ill-gotten commissions is an equitable remedy."); In re Evangelist, 760 F.2d at 29-30 ("Like other remedies of restitution, that remedy requires one owing a fiduciary duty to pay to the beneficiary of that obligation—to 'disgorge'—money taken in derogation of the duty."); Krinsk, 875 F.2d at 414 ("Although Krinsk insists his claim was for damages, a claim under section 36(b), even when labeled as one for damages, ordinarily should be treated as an equitable claim not for a jury."); see also Green v. Fund Asset Mgmt., L.P., 53 F. Supp. 2d 723, 731 (D.N.J. 1999), rev'd on other grounds, 245 F.3d 214 (3d Cir. 2001), (citing Krinsk, 875 F.2d at 414).

Plaintiffs here are not seeking "*some* funds," Great-West, 534 U.S. at 214, but rather *the* funds allegedly charged and retained by Defendants. In other words, Plaintiffs seek "particular funds [held by Defendants] that, in good conscience, belong to [Plaintiffs]." Great-West, 534 U.S. at 214. The designation of the relief Plaintiffs seek as equitable is, moreover, consistent with Pereira's interpretation of Great-West—that a "defendant must possess the funds at issue for the remedy of equitable restitution to lie against him." Pereira, 413 F.3d at 340 (citing Great-

9

West, 534 U.S. at 214 n. 2). When pressed at argument, Plaintiffs' counsel suggested that Plaintiffs do not seek particular funds from Defendants because the funds they seek are not clearly traceable. Plaintiffs' position, however, would render Section 36(b) unworkable and its remedies virtually meaningless. The funds Plaintiffs seek need not be marked with a red 'X'. It is enough that they can be clearly traced to the excessive fees allegedly charged by Defendants. Because they can, Plaintiffs' remedy is for equitable restitution.

In Great-West, Justice Scalia conceded that the Court's "cases have not previously drawn this fine distinction between restitution at law and restitution in equity," but went on to note that "neither have they involved an issue to which the distinction was relevant." 534 U.S. at 214-15 (majority). For the reasons discussed above, there is no such issue presented here. Under Great-West and Pereira, Plaintiffs' claim is for equitable restitution and, as a result, not triable to a jury. Accordingly, it is respectfully recommended that Defendants' Motion to Strike Plaintiffs' Demands be **GRANTED**.

One final point must briefly be addressed. Plaintiffs also ask the Court to empanel an advisory jury in the event that Defendants' Motion is granted. The Court, however, respectfully recommends that Plaintiffs' request be **DENIED**, without prejudice, as premature.

## IV. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Strike Plaintiffs' Demands for a Jury Trial be **GRANTED**.

L. CIV. R. 72.1 and FED. R. CIV. P. 72 permit objections to this Report and Recommendation to be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof.  The Clerk of Court is directed to serve the parties with electronic notice upon filing this

Report and Recommendation.

>s/ *Douglas E. Arpert*
>**DOUGLAS E. ARPERT**
>**UNITED STATES MAGISTRATE JUDGE**

**Dated: July 3, 2013**