UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, | : Civil Action No.  11-4194 (PGS) |
| | : (consolidated  with 13-312 (PGS)) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM OPINION |
| | :           AND ORDER |
| AXA EQUITABLE LIFE INSURANCE COMPANY, et al., | : |
| | : |
| Defendants. | : |
| _____ | : |

This matter comes before the Court on an informal application by Plaintiffs to bar "Defendants from making a material change to the deposition transcript of their expert witness, Marianne K. Smythe, in an Errata Sheet."  See Plaintiffs' letter to the Court, dated June 29, 2015 ("Pls. Ltr.") [dkt. no. 165].  Plaintiffs maintain that the change Defendants seek to make is untimely, the basis for change is inaccurate, and the change "contradicts and materially alters the testimony" of Ms. Smythe.  *Id.* at pg. 1.  In these consolidated cases, Plaintiffs claim that Defendants breached certain fiduciary duties by "delegating most material duties to the sub-advisers [while] AXA charged disproportionate fees for its remaining services."  *Id.* at pg. 2. During her deposition on October 29, 2014, Ms. Smythe was asked about the scope of the investment management services that Defendants delegated to its advisers:

> Q. You told me a few minutes ago what was delegated. What components of the day-to-day investment management were not delegated?
>
> A. First of all, the general oversight of each of these portfolios, watching what they're doing, being the investment adviser to the portfolio, with a sub-adviser admittedly running the ship, but the difference between the captain of the ship and a subordinate that is running a particular part, maybe the engine room.
>
> So its not accurate because every single day AXA FMG was on the line regarding the management of these portfolios.

*Id.* at pg. 3.

Through an Errata Sheet, Ms. Smythe seeks to change the transcript to insert "not" thus changing her testimony to read, " with a sub-adviser admittedly <u>not</u> running the ship ...." According to Plaintiffs, "[o]n June 2, 2015, many months after the transcript was made available by Veritext, several months after counsel agreed on the revised transcript, and after Plaintiffs had filed the response brief to Defendants' motion for summary judgment, Defendants submitted their Errata Sheet." *Id*. at pgs. 3-4. Plaintiffs maintain that "Ms. Smythe's correction must be disregarded because it is untimely, the corrections are unjustified and the changes substantively contradict her testimony. *Id.* at pg. 5.

Defendants have opposed Plaintiffs' application. See Defendants' letter to the Court, dated July 10, 2015 ("Deft. Ltr.") [dkt. no. 165]. In short, Defendants argue, "[i]n the

errata entry at issue, Ms Smythe corrected a minor and obvious misstatement ....″ *Id.* at pg. 1. Further, Defendants argue, the Errata Sheet is "substantively and procedurally proper under FED. R. CIV. P. 30(e)" and "reflects Ms. Smythe's intended testimony [and] is consistent with her other testimony" and expert report. *Id.* Accordingly, Defendants maintain, Plaintiffs' application should be denied and the change reflected in the Errata Sheet permitted.

DISCUSSION

FED. R. CIV. P. 30(1)(B) permits a deponent to review the transcript of this deposition in order to make "changes in form or substance.." The "majority rule ... followed by District Courts in this Circuit, is that a deponent may make changes that contradict the original answers given." *Aetna Inc. v. Express Scripts, Inc.,* 261 F.R.D. 72, 75 (E.D. Pa. 2009). The Court is not required "to strike contradictory errata if sufficiently persuasive reasons are given, if the proposed amendments truly reflect the deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted." *EBC, Inc. v. Clark Bldg. Sys. Inc.,* 618 F. 3d 253, 270 (3d Cir. 2010).

Here, Defendants have provided relevant portions of Ms. Smythe's deposition transcript as well as a copy of her expert report. Deft. Ltr. at Exhibits 2 and 3, respectively. As stated by Defendants, "Ms. Smythe's correction is consistent with her other deposition testimony and numerous statements in her expert report. *Id.* at pg. 2.

With respect to the procedural requirements of Rule 30(e), Plaintiffs argue that Defendants' Errata Sheet was untimely. However, Plaintiffs agreed that the 30 day limitation in the Rule would not apply in this case. *Id.* at Exhibit 4. Further, it appear that although Ms. Smythe's deposition was conducted on October 20, 2014, the corrected, final version of the

transcript was not available for her review until March 31, 2015. *Id.* at Exhibit 10. Plaintiffs also argue that the Errata Sheet is defective because it was not attached to the court reporter's certification page and deposition transcript as required Rule 30(e)(2). Finally, Plaintiffs argue that the Errata Sheet is defective because the stated reason for the correction (*i.e.*: transcription error) was inaccurate.

       The Court finds Plaintiffs' arguments unpersuasive. The issue of timeliness is resolved in Defendants' favor based on the agreement of the parties to waive the 30 day limitation as well as the delay in production of the final transcript for Defendants' review. Moreover, the Court has discretion to extend the time limit in appropriate circumstances. See *EBC, Inc.*, 618 F. 3d at 266 n. 12. Likewise, the issue of the court reporter's certification is resolved in Defendants' favor because this "procedural deficiency" is easily remedied with the submission of a new or supplemental certification. Finally, the issue of Defendants having stated an inaccurate reason for the correction was resolved by defense counsel immediately after the Errata Sheet was produced in an email from defense counsel, dated June 10, 2015, stating "she either mis-spoke and corrected it or it was mis-transcribed in the first instance. In either event, it is correct now as revised." Deft. Ltr. at Exhibit 14.

       A deponent may make contradictory substantive changes to a transcript as long as some reason or explanation is proffered. See *Aetna, Inc.,* 261 F.R.D. at 75. Here, the insertion of "not" into Ms. Smythe's deposition renders her testimony consistent with her related testimony concerning the relative role of Defendants' sub-advisers as well as the contents of her expert report. The corrected version of her testimony is also consistent with the "captain of the ship" analogy Ms. Smythe was attempting to draw.

CONCLUSION

For the reasons stated herein, Plaintiffs' application to bar the change stated in Ms. Smythe's Errata Sheet is DENIED.

So Ordered;

DATED: July 20, 2015

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge