UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ANN SIVOLELLA, | : Civil Action No.  11-4194 (PGS) |
| | : (Consolidated with Civil Action |
| Plaintiff, | :          No. 13-0312 (PGS)) |
| | : |
| v. | : MEMORANDUM OPINION AND |
| | :                 ORDER |
| AXA EQUITABLE LIFE INSURANCE | : |
| COMPANY, et al., | : |
| | : |
| Defendants. | : |
| _____ | : |

This matter comes before the Court on an informal application by Plaintiffs seeking to re-open fact discovery.  See Plaintiffs' letter to the Court, dated August 25, 2015 ("Pltff. Lt."), [dkt. no. 170].  Specifically, Plaintiffs want to conduct discovery, including production of documents and electronically stored information as well as depositions, related to the creation of three "Summary Charts" which describe the services Defendant performs in comparison to those it delegates to sub-contractors and which, Plaintiffs contend, were prepared by Defendants' in-house counsel with the assistance of its outside defense firm.  Pltff. Ltr. at pgs. 1-2.  Plaintiffs argue that they did not discover that Defendants' attorneys were involved in the creation of the Summary Charts until the deposition of Defendants' expert on October 29, 2014, five months after the close of fact discovery.  Thereafter, Plaintiffs maintain, Defendants admitted their attorneys' role in the preparation of the Summary Charts in their Response to Plaintiffs' Request for Admissions on December 12, 2014.  Plaintiffs' motion *in limine* to bar

admission of the Summary Charts at trial was denied by U.S. District Court Judge Peter G. Sheridan on August 5, 2015.  Following the Court's ruling, Plaintiffs sought discovery from Defendants related to the Summary Charts.  Pltff. Ltr. at pgs. 2-3.  Defendants have declined to voluntarily produce the requested discovery.

Plaintiffs contend that "substantial grounds and just cause exist to re-open discovery on the limited matter at issue."  Pltff. Ltr. at pg. 3.  Further, Plaintiffs contend, they will be "severely prejudiced" if they are denied the requested discovery whereas "Defendants will suffer minimal if any prejudice."  Pltff. Ltr. at pg. 3.

Defendants responded to Plaintiffs' application in a letter to the Court dated September 10, 2015  ("Deft. Ltr."), [docket no. 173].  Defendants maintain that good cause does not exist to re-open discovery primarily because "Plaintiffs could have and should have attempted to obtain the discovery they now seek before the fact discovery cut-off."  Deft. Ltr. at pg. 2.  Specifically, Defendants note that one Summary Chart was produced in March 2013 and two additional Summary Charts were produced in September 2013.  Plaintiffs conducted the depositions of three Independent Trustees, the Executive Vice President and General Counsel of FMG, and FMG's Chief Executive Officer between October 2013 and January 2014.  None of Defendants' witnesses were asked about the Summary Charts.

Following two extensions, fact discovery closed on May 5, 2014.  While Plaintiffs contend they did not learn about Defendants' attorneys' involvement with the Summary Charts until the deposition of Defendants' expert in October 2014 (a fact which Defendants dispute), Defendants argue that "Plaintiffs fail to explain why they waited nearly one year after Ms. Smythe's deposition to request that discovery be re-opened."  Deft. Ltr. at 5.  In addition to

Plaintiffs' lack of diligence, Defendants argue, no other factor supports a finding of "good cause" for the relief Plaintiffs seek.

DISCUSSION

As noted above, fact discovery was finally concluded, after approximately 18 months and two extensions, on May 5, 2014. Plaintiffs' application comes nearly 16 months later, after the close of expert discovery, and following the Court's disposition of parties' respective summary judgment motions and Plaintiffs' motion *in limine*. Once set, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* Local Civil Rule 16.1.(2).

In this case, Plaintiffs have not established "good cause" to re-open discovery at this stage of the proceedings. District Judge Sheridan decided the parties' motions for summary judgment on August 5, 2015. The Final Pretrial Conference has been set for November 23, 2015 and Trial is scheduled to commence on January 11, 2016.

Plaintiffs have not offered any explanation as to why discovery was not sought concerning the development of the Summary Charts within the discovery period despite their production in March 2013 and September 2013. Likewise, Plaintiffs have not explained why no inquiry concerning the Summary Charts was made during any of the depositions conducted during the discovery period. The Court's recent decision to deny Plaintiffs' motion *in limine* does not explain or excuse their failure to pursue discovery as to matters known to the parties before the close of discovery. *See e.g.*, *Dean v. Deptford Twp.*, C.A. No. 13-5197, 2015 WL 2158679 (DNJ May 7, 2015).

In addition, the Court finds no other factor which warrants re-opening discovery.

*See generally, J.G. v. C.M.,* C.A. No. 11-2887, 2014 WL 1652793 (DNJ April 23, 2014). The discovery Plaintiffs seek relative to the Summary Charts is of relatively little importance based on the information contained in the Summary Charts and the Affidavits submitted by Defendants which explain the circumstances under which they were created. Furthermore, Plaintiffs will have the opportunity to cross-examine one or more defense witnesses on these issues. Finally, some of the information Plaintiffs seek will be resisted on privilege grounds and the logistical burdens of re-opening discovery outweigh any potential benefit to Plaintiff.

CONCLUSION

For these reasons, Plaintiffs' informal application to re-open discovery is DENIED.

SO ORDERED,

DATED: September 15, 2015

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
United States Magistrate Judge