

Phone:   (609) 750-7707
Fax:     (609) 897-7395
Email:   Korn@BlankRome.com

RECEIVED

DEC - 9 2015

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

December 8, 2015

*So Ordered*

*I have read the letters dated 12/3/ (Document 179, 182, and 183). Argument will be heard on December 16, 2015 at 12:30. I will adjust the time for filing of in limine motions at that time, if necessary.*

*Peter H/Mendez 12/9/15*

**VIA ECF AND HAND DELIVERY**

The Honorable Douglas E. Arpert
United States District Court, District of New Jersey
402 East State Street, Courtroom 6W
Trenton, NJ 08608

Re:   *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-04194 (D.N.J.)
      *Sanford v. AXA Equitable Funds Mgmt. Grp., LLC*, No. 13-00312 (D.N.J.)

Dear Judge Arpert:

Defendants write in response to Plaintiffs' December 7, 2015 letter to Your Honor ("Pls. Ltr.") objecting to Defendants' request for permission to submit a letter to Judge Sheridan that would seek guidance relating to the materials furnished to the EQAT Board ("Board Materials").

At the Pre-Trial conference, Defendants raised with Your Honor that the parties had taken different approaches with respect to the treatment of Board Materials on their exhibit lists: Defendants listed the Board Materials as large books as they are kept in the ordinary course of business, while Plaintiffs have selected random pages out of many of the books. At the conference, both parties agreed in advance of trial that clarity on the issue would be helpful. After discussing it briefly, Your Honor instructed us to raise the issue with Judge Sheridan, and you hand-wrote next to item 14 on page 69 of the Pre-Trial Order, "[t]o be filed by Defendants as an *in limine* motion." *See* Pretrial Order, entered Nov. 24, 2015 (*Sivolella* ECF No. 178), at 69 (Miscellaneous Issue No. 14). Seizing on this language, Plaintiffs have taken the remarkable position that Defendants must move *in limine* for the admissibility of 200,000 pages of Board Materials by this Friday, or Defendants are forever precluded from seeking the admissibility of these critical materials. This position makes no sense as item 14 on the Pre-Trial Order makes no mention of seeking a ruling on the admissibility of any Board Materials.[1]

---

[1] It is quite clear the issue of guidance on large exhibits is listed among a number of "Miscellaneous" matters in the Pre-Trial Order on which the parties sought guidance, such as whether the Court wanted opening statements at tri[al]. The issue was not included among the list of intended *in limine* motions listed earlier in the Pre-Trial Order.

301 Carnegie Center 3rd Floor Princeton, New Jersey 08540
A Pennsylvania LLP Stephen M. Orlofsky, New Jersey Administrative Partner
www.BlankRome.com
Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • San Francisco • Shanghai • Tampa

137574.00601/101782919v.1


BLANK ROME LLP
COUNSELORS AT LAW

Honorable Douglas E. Arpert
December 8, 2015
Page 2

    Despite taking the unfounded position that Defendants must now move for the admissibility of all Board Materials, Plaintiffs recognize it would be highly impractical to do so. As Plaintiffs state, "Courts have often expressed reluctance to address evidentiary issues *in limine* because their resolution is made in a vacuum." Pls. Ltr. at 2. Additionally, there is a large volume of those materials, and Plaintiffs apparently have different objections to each one of them. *See* Pls. Ltr. at 2 ("The admissibility of each component of [each of the Board books] would be subject to a different hearsay and relevancy analysis."). Some of the objections may require witness testimony in order for the Court to make factual findings relevant to the admissibility of the materials. These issues are not well-suited to a motion *in limine* in advance of trial.

    Thus, both sides appear to agree a motion *in limine* to address the issue would be of little value. What would be of value, and what was intended by Defendants, was guidance on how exhibits should be presented at trial. Waiting until trial to resolve this issue could lead to substantial delay that can be avoided if the issue is addressed now. If the Court wants Board Materials to be broken down into thousands of component parts, it would take substantial time. Given it is not always clear what components of the Board books Plaintiffs consider a "self-contained document," Plaintiffs will presumably want time to go through Defendants revised exhibit list and lodge another round of objections. If this is necessary, it can be done in advance of trial, and without delaying the trial, if we get guidance from the Court. As it stands now, the parties are not able to resolve any objections to the Board Materials because of this impasse over what constitutes a separate exhibit.

    Given Plaintiffs' position that Defendants must file a motion *in limine* on this issue by December 11, Defendants ask that Your Honor schedule a teleconference, or rule on Defendants' request to submit the Proposed Letter to Judge Sheridan, as soon as reasonably practicable. We apologize for burdening the Court with these letters to address a fairly straightforward issue, but given the Plaintiffs' draconian position that Defendants may waive their right to seek admission of critical documents, we think it is important to clarify this matter promptly.

                                     Respectfully,

                                     /s/ *Jonathan M. Korn*

                                   Jonathan M. Korn

cc:     All Counsel of Record (*via* ECF)