SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer
Benjamin T. Branche*
Eric M. Stein**

Of Counsel
Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Janine Danks Fox*
Richard A. Catalina Jr.*†
E. Elizabeth Sweetser

Robert G. Stevens Jr.**
Michael D. Brottman**
Lindsey Moskowitz Medvin**
Mark A. Fisher
Robert L. Lakind***
Thomas J. Manzo**
Carley Ward**
Melissa A. Chimbangu
Kathleen O'Brien
Steven A. Lipstein**
Yarona Y. Liang#
Brian A. Heyesey
Mengyi "Jason" Ye
John O'Leary***
Christopher S. Myles
Christopher S. Kwelty

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

**<u>VIA ECF</u>**
The Honorable Peter G. Sheridan, U.S.D.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

January 5, 2016

Re: *Sivolella v. AXA Equitable Life Ins., Co.*, No. 11-4194 (D.N.J.)
<u>*Sanford v. AXA Equitable Funds Mgmt. Grp., LLC* No. 13-312 (D.N.J)</u>

Dear Judge Sheridan:

Trial commences on January 6, 2016. In November, Defendants served Plaintiffs with an Exhibit List containing approximately 1,800 exhibits. The first 409 exhibits are described as "Board Materials," that cumulatively total in excess of 200,000 pages. As Plaintiffs have raised with Your Honor, previously, many of the Board Materials are not merely voluminous, but contain within them many separate documents that are irrelevant, contain inadmissible hearsay and/or are otherwise objectionable. Further, these exhibits were not produced in discovery in the manner that Defendants presented to Your Honor at the December 16th hearing. Plaintiffs objected to the admission of these exhibits, and the Court has reserved decision on their admissibility. (*Sivolella* Dkt. No. 194).

On December 23, 2015, Defendants served on Plaintiffs a new exhibit list, which purports to be Defendants' "list of documents and excerpts of board materials that as of today [they] expect to show [their] witnesses on direct examination…." (Ex. A). While the new exhibit

narrows the broader list, there remain numerous evidentiary concerns with Defendant revised exhibit list which Plaintiffs will of course bring to the Court's attention at trial.

In addition to the documents on the revised list, Defendants informed Plaintiffs that they still "intend to put all of the [200,000 pages of] board materials and minutes in evidence." (Ex. A). Given Defendants' continued intention to attempt to introduce these exceedingly voluminous and largely objectionable board material, Plaintiffs must bring the Third Circuit's holding in *U.S. v. Wecht*, 484 F.3d 194 (3rd Cir. 2007), to the Court's attention, which they provided to Defendants last week. In *Wecht,* the "government provided a preliminary [exhibit] list of more than 1350 exhibits" "comprised of more than 240,000 pages of documents…." *Id.* at 215. The Third Circuit declared: "[f]rankly, we think it was improper for the Judge to admit thousands of pages of materials wholesale into evidence, especially when the government had acknowledged that its list of exhibits was preliminary." *Id.* at 217. Judge Bright, writing separately, opined:

> Why would the District Judge admit approximately 240,000 pages of documents, without foundation, as trial exhibits?
>
> The majority appears to agree that the Court acted improperly in its treatment of the trial exhibits, but declines to infer an appearance of bias because the District Judge ultimately cured his mistake by considering the objections. However, the Court finally considered Wecht's objections to the Government's exhibits after rejecting numerous pleas from defense counsel to reconsider his order or modify the pretrial order. … An informed layperson would reasonably ask: Does the Government sincerely intend to use all of these documents as *trial exhibits?*
>
> The Court, while supposedly reviewing an average of 34,000 documents a day, seems to have overruled virtually all of Wecht's objections as to relevance, hearsay, authentication, foundation, and chain of custody—qualifying the documents as business records, government records, or personal records. … [T]he Court's comment expresses exasperation with defense counsel for asking the Court to require the Government to establish the basic features of admissibility provided under the Federal Rules of Evidence.

> The documents to which the Court refers may indeed constitute business records; however, it is the Government's burden, as the proponent of the evidence, to provide the foundational elements that show each document qualifies for the business record exception to the hearsay rule under FRE 803(6). Wecht is under no obligation to stipulate to those features.
>
> It is a hallmark of partiality for one party not to be put to its burden. *Id.* at 231.

Plaintiffs' believe that Third Circuit's decision is further authority for Plaintiffs position that the "wholesale" Board Materials are inadmissible. Moreover, this case presents an even more compelling circumstance than that at issue in the *Wecht* case because the Defendants here are attempting to use the sheer volume of Board Materials as a demonstration of the alleged services they claim to provide to justify the fees at issue.

For the reasons given by the Third Circuit in *Wecht*, and the other reasons previously argued to the Court, Plaintiffs will request that the Court rule the Board Materials inadmissible to the extent they are offered as wholesale exhibits.

Respectfully submitted,

Robert Lakind

cc: All counsel via ECF.

# Exhibit A

**Robert L. Lakind**

| | |
|---|---|
| **From:** | Hora, Robert <RHora@milbank.com> |
| **Sent:** | Wednesday, December 23, 2015 5:58 PM |
| **To:** | Arnold C. Lakind |
| **Cc:** | Daniel S. Sweetser; Robert L. Lakind; Murphy, Sean; Benedict, James N.; Hood, Andrea |
| **Subject:** | AXA--Exhibits |
| **Attachments:** | Documents Expected To Be Used With Defendants' Witnesses.pdf |

Arnold,

Attached is the list of documents and excerpts of board materials that as of today we expect to show our witnesses on direct examination (excluding demonstratives, which you said you wanted to exchange next week). We reserve the right to add to this list. In addition, to be clear and as we have already mentioned, we intend to put all of the board materials and minutes in evidence.

Finally, contrary to your email from earlier today, our notes from the court conference reflect that this would be provided today, not yesterday.

Regards,

Rob

Robert C. Hora | **Milbank**
28 Liberty Street | New York, NY 10005-1413
T: +1 212.530.5170 | F: +1 212.822.5170
RHora@milbank.com | www.milbank.com

==============================================================

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.