UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| MARY ANN SIVOLELLA, | : | |
| | : | |
| Plaintiff, | : | Civil Nos. 11-4194 (PGS)(DEA) |
| | : | 13-0312 (PGS)(DEA) |
| v. | : | |
| | : | |
| AXA EQUITABLE LIFE INS. CO, *et al.,* | : | **MEMORANDUM ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court on Plaintiffs' application "to Preclude Testimony of Newly Disclosed Witnesses, Admission of Newly Disclosed Documents and to Allow Issuance of a Subpoena." ECF No. 180.[1]  These are consolidated actions brought on behalf of twelve mutual funds (the "Funds") against the investment advisor of those Funds alleging the advisor extracted excessive compensation from the Funds.  Trial has been set for January 6, 2016.  The present application has three parts: (1) Plaintiffs seek to preclude Defendants from calling at trial two members of the Funds' Boards of Trustees (the "Board") that Defendants did not identify in their pretrial disclosures; (2) Plaintiffs seek to preclude Defendants from admitting at trial thousands of pages of documents that were produced after the close of discovery; and (3) Plaintiffs seek to subpoena Defendants' trial counsel as well as certain documents for a Rule 104 hearing.  Defendants have opposed Plaintiffs' application.  ECF No. 187.  Plaintiffs have responded to Defendants' opposition.[2]  ECF No. 188.  The Court addresses each aspect of Plaintiffs' application in turn:

---

[1] The docket entry numbers referred to herein are from Civil Action 11-4194.
[2] To the extent that this may be considered a discovery application, this Court's Local Civil Rules do not permit reply briefs.  Nevertheless, the Court has given Plaintiffs' reply submission due consideration.

I.  Plaintiff's Request to Preclude Testimony

Plaintiffs maintain that, although fact discovery concluded in May 2014, Defendants did not disclose the appointment of Caroline L. Williams and H. Thomas McMeekin as Independent Trustees to the Funds' Boards until the parties were preparing the Final Pretrial Order in November 2015.  Both Williams and McMeekin were appointed prior to the close of fact discovery and prior to the dates on which Defendants served their second and third sets of Rule 26(a) disclosures.  Defendants' disclosures did identify other Board members who possessed relevant knowledge and stated that all necessary information could be obtained by deposing a "small number" of Board members.  Plaintiffs maintain that permitting Williams and McMeekin to testify will result in prejudice to Plaintiffs who relied on the testimony of the Board members who were deposed, Plaintiffs' expert presentation will be undermined, and Plaintiffs' trial preparation will be adversely impacted.  Plaintiffs further argue that Defendants will suffer no adverse consequences if the testimony of these witnesses is precluded.  *See generally* ECF No. 180 at 3-9.

In response, Defendants have stated that they do not intend to call Ms. Williams as a trial witness.  As to Mr. McMeekin, Defendants argue that they were not required to include him in their initial disclosures on December 14, 2012 because he was not elected to the Board until January 2014.  Defendants further argue that they were not required to supplement their disclosures to include Mr. McMeekin after he was elected.  They contend that Plaintiffs knew or could have discovered that Mr. McMeekin had discoverable information based on the fact that his name appeared in "various documents and Board materials provided to Plaintiffs throughout discovery."  ECF No. 187 at 3.  As such, Defendants maintain that Plaintiff will suffer no prejudice if Mr. McMeekin is allowed to testify.  The Court disagrees.

Rule 26(a) clearly requires the disclosure of Mr. McMeekin.  Defendants amended their

Rule 26 disclosures twice (as required by Rule 26(e)) after McMeekin joined the Board, but he

was not included in either of these disclosures.  The amended disclosures identified four other

board members, but not McMeekin.

The Court also rejects Defendants argument that their disclosure requirement was

satisfied because McMeekin's name and role as a board member appeared in various materials

produced during discovery.  "[M]erely because the names of these witnesses appeared, among

hundreds of other names, somewhere in the thousands of pages of documents produced .... does

not mean that [Plaintiffs] should have anticipated that [Defendants] would call these individuals

as trial witnesses and deposed them accordingly." *Eli Lilly & Co. v. Actavis Elizabeth LLC,* Civ.

No. 07-3770, 2010 WL 1849913, at *4 (D.N.J. May 7, 2010) (quoting *Ty, Inc. v. Publications,*

*Int'l, Inc.*, No. 99–5565, 2004 WL 421984, at *4 (N.D. Ill. Feb.17, 2004.))

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as

required by Rule 26(a) or (e), that party is not allowed to use that information or witness to

supply evidence … at trial, unless the failure was substantially justified or harmless."  A party

who has failed to disclose information bears the burden to show that the nondisclosure was

substantially justified or is harmless.  *D & D Assoc, Inc. v. Bd. of Ed. of N. Plainfield*, 2006 WL

1644742, at *4 (D.N.J. June 8, 2006). "Substantial justification requires justification to a degree

that could satisfy a reasonable person that parties could differ as to whether the party was

required to comply with the disclosure request." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174

F.R.D. 587, 591 (D.N.J. 1997).  Additionally, "[a] failure to disclose is considered harmless

when there is no prejudice to the party entitled to disclosure.'" *D &D Assoc*, at * 4 (quoting *Fitz*,

174 F.R.D. at 591).

The Court does not find Defendants failure to be substantially justified or harmless. Plaintiffs had no notice that Defendants intended to call Mr. McMeekin at trial and Plaintiffs will be prejudiced if Defendants are allowed to call Mr. McMeekin.  This prejudice cannot be cured, as Defendants suggest, by permitting Plaintiffs to depose McMeekin during trial.  This would completely disrupt the trial, divert Plaintiffs from trying their case, and require substantial preparation on the part of Plaintiffs.  Even then, Plaintiff would not have the benefit of having their expert opine on Mr. McMeekin's testimony and would not have the opportunity to depose Defendants' expert regarding such testimony.

Accordingly, for the reasons above, Plaintiffs' application is granted and Defendants shall not be permitted to call Mr. McMeekin at trial.

II.  Plaintiffs' Request to Preclude Documents

Plaintiffs seek to preclude Defendants from introducing material from over 100,000 pages of documents that Defendants produced between September 8, 2015 and November 7, 2015.  These documents were produced more than a year and a half after discovery closed in May 2014, and, therefore, after all fact and expert depositions had concluded.  Plaintiff contend that these documents, with some exceptions, are not admissible under Rule 37 because Defendants failed to produce them during the discovery period.  Plaintiffs contend they will be prejudiced if Defendants are permitted to use the information at trial because, given the short time period between their production and trial, neither Plaintiffs nor their experts could conceivably review the over 100,000 pages of documents and assess their impact on the issues to be tried.  Plaintiff further argues that this prejudice cannot be cured, as it is not feasible to require Plaintiffs to thoroughly review all of the documents, present them to their experts and re-depose Defendants' experts, and also depose an "untold" number of fact witnesses regarding the information.

Defendants, in response, contend that they have not violated any of their discovery obligations with respect to the challenged documents.  They contend that the "majority of" the documents were created after the close of fact discovery and "of those that existed during fact discovery, the majority were publicly-available."  ECF No. 187 at 11.  Thus, Defendants admit that a number of documents that were produced existed prior to the close of discovery and, in fact, provide an 18-page chart listing such documents.  *See* Hood Decl., Ex. 14.  Nevertheless, Defendants state that even if they had failed to comply with their discovery obligations, the standard under Rule 37 for excluding evidence has not been met.  The Court disagrees, and once again finds Defendants failure to be neither substantially justified nor harmless.  There is no dispute that despite a request by Plaintiffs in December 2014 for Defendants to update their production, Defendants waited until Fall of 2015 to produce additional documents that had been available to them for many months, if not longer.  For the reasons argued by Plaintiffs, the Court finds that Plaintiffs have been prejudiced by the untimely production, and the prejudice cannot be cured on the eve of trial.  Consequently, the Court grants Plaintiffs' application and precludes Defendants from using the recently-produced[3] documents at trial.

III.  Plaintiffs' Request for Subpoenas

Plaintiffs seek to subpoena documents and testimony with respect to a number of "side-by-side" charts that Defendants allege summarize the work they performed, as well as the work performed by the Funds' sub-advisors and sub-administrators (these are referred to herein as the "Charts").  Defendants have indicated that they will seek to admit the Charts into evidence under the business record hearsay exception.  Plaintiffs, however, will seek to establish that these

---

[3] Only the documents objected to by Plaintiffs are the subject of this ruling.  The Hood Declaration divides the recently-produced documents into two exhibits: Exhibit 13 and 14.  Plaintiffs do not object to the documents in Exhibit 13 with two exceptions. First, they object to any document that has an "N/A" as its creation date. Second, they object to documents that have been redacted, as no redaction log has been provided. Exhibit 14 is an 18-page chart that identifies documents created before the close of discovery.  Plaintiffs object to these materials. *See* ECF No. 188 at 5-6.

Charts are inadmissible as a business record based upon the involvement of counsel in preparing the Charts.[4]  Having learned in discovery that trial counsel allegedly played a role in the preparation of the Charts, Plaintiffs want to subpoena documents relevant to the preparation of the Charts as well as the testimony of Defendants' trial counsel in order to establish the extent of counsel's role in the preparation.

Defendants oppose Plaintiffs' motion on three grounds.  First, Defendants note that in September 2015, this Court denied Plaintiffs' request to reopen discovery in order to obtain the very same information they now seek.  Second, they contend that no new facts warrant the issuance of a subpoena after the close of discovery.  Third, Defendants claim the information sought is protected by attorney-client privilege.

Plaintiffs make the instant application in anticipation of a Rule 104 hearing before Judge Sheridan to determine the admissibility of the Charts as business records.  The ultimate question with respect to the admissibility of the Charts is for the District Judge to decide, as is any determination with respect to the parameters of the Rule 104 hearing.  As such, the Court is inclined to permit Plaintiffs to issue the subpoenas to afford Judge Sheridan the opportunity to have this information before him should he find it necessary and helpful.  This decision, however, should not be construed as a determination that Plaintiffs are entitled to the information that they seek.  Should Judge Sheridan determine that a Rule 104 hearing is unnecessary or the information sought by the subpoenas not relevant, he may quash all or part of the subpoenas. Therefore, the Court will grant Plaintiffs' application with respect to this third request and not preclude Plaintiffs from issuing the trial subpoenas.  Accordingly,

**IT IS** on this 5th day of January 2016,

---

[4] Although denying Plaintiffs' motion *in limine* to exclude the Charts, Judge Sheridan deferred until trial the ultimate ruling on the Charts' admissibility.

**ORDERED** that Plaintiffs' application is granted in part and denied in part; and it is further

**ORDERED** that Defendants shall not be permitted to call Mr. McMeekin at trial; and it is further

**ORDERED** that Defendants are precluded from admitting the aforementioned recently-produced documents at trial; and it is further

**ORDERED** that the Court shall not preclude Plaintiffs from issuing the trial subpoenas attached as Exhibit L to the Lakind Declaration.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge